GEORGE ASHLEY et al., Executor, etc., Respondents, *v*. FREEMAN DIXON, Appellant.

If A. has agreed to sell property to B., C. may, at any time before the title has passed, induce A. to sell it to him instead, and if not guilty of fraud or misrepresentation, he does not incur any liability, and this is so, although C. may have contracted to purchase the property of B. B. cannot maintain an action upon the latter contract, as he cannot perform, and can only look to A. for a breach of the former.

(Argued January 2, 1872; decided May term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial district, affirming a judgment in favor of plaintiffs entered upon a verdict.

The action is brought to recover damages to which plaintiffs claim themselves entitled from the following facts:

On the 24th of January, 1863, one Edwin L. Patrick, by agreement in writing, contracted to sell and convey to William H. McEachron, plaintiffs' testator, certain premises in Washington county, the deed to be delivered April 1st, and purchase-money paid April 3d, then next: On the 10th of February, 1863, McEachron contracted to sell and convey the premises to defendant; deed to be delivered and pur-

chase-money paid April 1st. Subsequently, defendant, by offering a larger price, induced Patrick not to perform. Upon the 1st day of April, McEachron went to Patrick to tender the money and demand deed, but Patrick was absent ; a tender and demand were subsequently made and refused. Defendant made a tender under his contract, and demanded a deed of McEachron April 1st. Upon the 4th of April, Patrick deeded to defendant. Plaintiffs obtained a verdict for $566.58.

*M. Fairchild* for the appellant. Plaintiffs cannot recover without showing fraud or deception, and also damage resulting therefrom. (*Young* v. *Scovell*, 8 J. R., 25 ; *Johnson* v. *Hitchcock*, 15 id., 185 ; *Gallager and Mason* v. *Brunell*, 6 Cow., 347–352 ; *Benton* v. *Pratt*, 2 W., 385 ; *Hutchins* v. *Hutchins*, 7 Hill., 104 ; *Tappan & Co.* v. *Powers*, 2 Hall, 277 ; *Otis* v. *Raymond*, 3 Conn., 413.) Satisfaction by one of two wrong-doers extinguishes the claim. (*Livingston* v. *Bishop*, 1 J. R., 290 ; *Knickerbocker* v. *Colver and Hawes*, 8 Cow., 111 ; *Bird* v. *Randall*, 3 Burrows, 1345.)

*James Gibson* for the respondents. Defendant is estopped from setting up a non-performance caused by his own fraud or misconduct. (*Moses* v. *Beirling*, 31 N. Y., 462 ; *Carman* v. *Pultz*, 21 id., 549 ; *Holmes* v. *Holmes*, 5 Seld., 527 ; *Young* v. *Hunter*, 2 id., 204, 207.)

EARL, C. If this be treated as an action to recover the purchase price of the real estate which McEachron contracted to sell to the defendant, or as an action to recover the liquidated damages mentioned in the contract, the action must fail, for the reason that McEachron did not perform, and was not able to perform, on his part.

If the action be treated, as it was on the trial, as one to recover damages for a conspiracy between the defendant and Patrick to defraud McEachron out of his contract with Patrick, and to prevent the performance of his contract with the defendant, then the action must fail, because there was not

sufficient proof of such a conspiracy, and the motion to non-suit the plaintiffs should have been granted. There was no evidence which would warrant the jury to find that Patrick absented himself from home, or refused to perform his contract with McEachron, at the instigation of the defendant.

But even if defendant had induced Patrick not to perform his contract, that alone would not make him liable to the plaintiffs for damages. He could advise and persuade Patrick not to convey the land, under his contract with McEachron, and could, by offering more, induce him to convey to himself, without incurring any liability to McEachron, so long as he was guilty of no fraud or misrepresentation affecting McEachron. If A. has agreed to sell property to B., C. may at any time before the title has passed induce A. not to let B. have the property, and to sell it to himself, provided he be guilty of no fraud or misrepresentation, without incurring any liability to B.; A. alone, in such case, must respond to B. for the breach of his contract, and B. has no claim upon or relations with C. While, by the moral law, C. is under obligation to abstain from any interference with the contract between A. and B., yet it is one of those imperfect obligations which the law, as administered in our courts, does not undertake to enforce. But if C. makes use of any fraudulent misrepresentations, as to B., to induce A. to violate his contract with him, then there is a fraud, accompanied with damages, which gives B. a cause of action against C. ; as if C. fraudulently represents to A. that B. had failed or absconded, or had declared his intention not to sell to B., and thus induces A. to sell to another.

Here there is no proof of any fraudulent representations made by defendant to induce Patrick to violate his contract with the plaintiffs.

Hence, I can conceive of no theory, upon the facts as they appear before us, upon which this action can be maintained.

The judgment must be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.