Marston, J.:
To the declaration filed in this cause, defendants Johnston and Inslee pleaded the general issue. Upon the trial the plaintiff introduced as a witness defendant Johnston and inquired of him if he was one of the defendants in the action, to which defendants’ counsel objected, on the ground *that the declaration did not set forth any cause of action against the defendants, therefore no evidence was admissible; which objection was sustained by the court. Counsel for plaintiff then offered to prove all the facts alleged in his declaration. This was objected to for the same reason, and sustained, and the court directed the jury to find a verdict for defendants. While the rule may be as claimed, that where a party has two remedies his election of one is a waiver of the other, we need not at present decide whether that rule is applicable in a case like the present, as there is nothing certainly in the first count of plaintiff’s declaration tending to suggest that any other remedy had ever been adopted. The first count in the declaration, while subject to some criticism, yet should be fairly considered. We should not be needlessly technical in discovering a reason to prevent a trial upon the merits, so long as no insuperable difficulty exists. This count in substance sets forth, that plaintiff on the 18th day of July, 1870, was in possession of a certain lot of land under a contract of purchase executed b.y John Wells as agent of Joseph D. Beers, deceased, who was at the date of the contract owner of the lot in question; that after the execution of the contract, Wells and Beers died, and defendant Curtis became sole executor of the last will and testament of Beers, with authority to sell and convey Beers’ real estate and the premises in question; that Johnston was the acting agent of Curtis, with authority to sell by contract and receive the contract price, and as such agent he asked for and received from plaintiff the balance of the pur *386 chase money due upon said premises, and paid the same over to said Curtis; that at the time of paying the same over to Curtis, he, Johnston, with intent to wrong, defraud and cheat the plaintiff, falsely and fraudulently represented and stated to Curtis that the consideration for said lot had not been paid by plaintiff, that the lot in question belonged to him, J ohnston, and requested Curtis to make, execute, 'and deliver to defendant Inslee a deed thereof; and that he, Johnston, did, by such false and ^fraudulent statement, with the full knowledge and connivance of Inslee, procure from Curtis a deed of said lot to said Inslee, and afterwards caused the same to be recorded, with intent to wrong and cheat plaintiff out of the said lot, and its value, for the benefit of defendants. Then follows a general charge against all the defendants of falsely, fraudulently, and with intent to wrong, injure and ■oppress plaintiff, combining, confederating and conniving together to get, procure and have, for their own use and benefit, the lot and its value, to plaintiff’s damage, etc.
Now, whatever the rule may be as between strangers, yet where one claiming to be and acting as an agent receives money from a third person due his principal for property sold, and upon paying it over to his principal, falsely represents that the property has not been paid for, that he (the agent) owns it, and requests and procures a deed of such property to be made to another, and it is alleged that all this was done falsely and with intent to wrong, cheat and defraud the person paying the money, the plaintiff, .we think such a cause of action is stated as entitles the plaintiff, if proven, to recover. There is something more in all this than a mere endeavor to purchase, or to induce Curtis to sell and convey the property to a third person, notwithstanding the fact that others claim rights there. Here the additional fact that false statements, which from their nature must have been personally known by J ohnston to be false, were in fact made, and that with a fraudulent intent and purpose which was successful. The declaration alleges that false statements were fraudulently made which injux-iously affected plaintiff in his rights, and to his damage. — Ashley v. Dixon, 48 N. Y., 430.
*387 The judgment must be reversed, with costs, and a new trial ordered.
The other justices concurred.