(34 App. Div. 27.)

DALY v. CORNWELL.

(Supreme Court, Appellate Division, Second Department. November 3, 1898.)

1. SALE—PREVENTING CONSUMMATION OF CONTRACT—RIGHT OF ACTION.
    A tenant in common, who with the others has made a contract to sell the common property, is not liable to the purchaser for inducing the others not to consummate the contract.

2. PLEADING—COMPLAINT.
    A complaint alleging that one of the tenants in common of land, who had agreed to sell the property, persuaded and induced "others" of them not to sign the deed, does not show that she prevented the consummation of the contract, as the failure to execute the deed by all the parties may have resulted from the refusal of some of them to whom she presented neither persuasion nor inducement.

Appeal from special term, Kings county.

Action by Charles W. Daly against Jenny A. Cornwell. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

Richard T. Greene, for appellant.
George A. Miller, for respondent.

GOODRICH, P. J.　The demurrer is on the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges the following facts: That on December 20, 1897, Helen Burnett died intestate, and seised of certain premises on Clinton street, New York City; leaving as her only heirs at law and next of kin eight persons, of whom the defendant was one. That letters of administration were issued to one Gilhooly, who thereafter acted as attorney for all said heirs in the management and sale of the real estate of the intestate. That one of the said heirs sold to the other seven heirs his interest in the property, and conveyed the same to the said Gilhooly, "as agent and attorney and trustee for said seven heirs." That on December 20, 1897, Gilhooly, as attorney and general agent for the said seven heirs, entered into a written contract with Kantorowicz and Simon, a copy of which contract is set out in the complaint. This contract purported to be between Gilhooly, "as agent and attorney for the owners" of such property, of the first part, and Kantorowicz and Simon, of the second part, and was signed with the individual names of the three parties to the contract. Gilhooly, as agent and attorney for the owners, agreed to sell the premises to Kantorowicz and Simon for $27,000, of which sum $500 was to be allowed to Kantorowicz for commission, so that the net purchase price was to be $26,500, of which $500 was to be paid by the vendees at the execution of the contract, and the balance in cash on the delivery of the deed. The contract contained certain other provisions, upon the construction of which the decision of this appeal must rest. The complaint further alleges that the defendant "was the only one of the said heirs who made objection to the said contract as executed," and that on December 27, 1897, she and Gilhooly agreed with Kantorowicz and Simon that if the purchase price should be increased to $27,000, clear of all commissions, she "would then sign the deed for the said property, and that the said promise was then and there reduced to writing, and the following memorandum thereof, to wit, 'The consideration has been changed to $27,000, clear of all commissions, an increase of $400,' was inserted at the foot of the said contract, and was then and there signed" by the defendant, Gilhooly, and the purchasers; that, in reliance upon the said contract and its performance by the defendant, Kantorowicz and Simon arranged for a loan, and employed counsel to search the title, and upon the day appointed for the delivery of the deed, tendered the balance of the purchase money to Gilhooly, who refused to deliver the deed; that the defendant, after signing such contract, "did, in violation of her said contract and agreement, and of the rights of the said Kantorowicz and Simon thereunder, induce, persuade, and influence others of the said heirs of the said Helen Burnett to refuse to sign the said deed when presented to them for signature, and for that purpose sent or caused to be sent a telegram or telegrams and letters to the said heirs, or some of them, and did personally orally persuade and induce others of the said heirs not to sign said deed; and that she, the said Jenny A. Cornwell, did at all times after the signing of the said agreement refuse and neglect to sign any deed of her interest in the said

property to the said Kantorowicz and Simon, but that on the contrary, in violation of her said agreement, she did sell her interest in the said property to other persons, to this plaintiff unknown." The complaint further alleges that Kantorowicz, by reason of the said acts of the defendant, suffered damages in the sum of $6,000, and that Kantorowicz and Simon have assigned their claim to the plaintiff. The defendant demurred to this complaint upon the ground already stated. The court sustained the demurrer, and from the interlocutory judgment the plaintiff appealed.

It is evident that the gravamen of this complaint rests upon the theory that the defendant, having agreed to sell her interest in the property, was bound to abstain from any effort to prevent the completion of the agreement; that the legal effect of her contract to sell involved an agreement not to do any affirmative act which would prevent the consummation of the contract. We cannot agree with this theory. It may be that good morals and fair play required her, at least, not to interpose obstacles to the fulfillment of the contract, but she was under no legal obligation so to abstain. This action cannot be maintained except upon the theory that there was some legal obligation to that effect, for the action is not for conspiracy or for fraudulent representation. In Ashley v. Dixon, 48 N. Y. 430, 432, the court laid down a rule in a case somewhat analogous to the one at bar, and said:

"If A. has agreed to sell property to B., C. may at any time before the title has passed induce A. not to let B. have the property, and to sell it to himself, provided he be guilty of no fraud or misrepresentation, without incurring any liability to B. A. alone, in such case, must respond to B. for the breach of his contract, and B. has no claim upon or relations with C. While by the moral law C. is under obligation to abstain from any interference with the contract between A. and B., yet it is one of those imperfect obligations which the law, as administered in our courts, does not undertake to enforce. But if C. makes use of any fraudulent misrepresentations as to B., to induce A. to violate his contract with him, then there is a fraud, accompanied with damages, which gives B. a cause of action against C.; as if C. fraudulently represents to A. that B. had failed or absconded, or had declared his intention not to sell to B., and thus induces A. to sell to another. Here there is no proof of any fraudulent representations made by defendant to induce Patrick to violate his contract with the plaintiffs."

While this decision is not exactly conclusive upon the rights of the parties to this action, we recognize the similarity of the principle involved in both cases, and express our belief that this action, like the Ashley action, is brought to enforce "one of those imperfect obligations which the law, as administered in our courts, does not undertake to enforce."

In addition to this, even upon the plaintiff's own theory, the complaint is clearly defective. It alleges, not that the defendant persuaded and induced all of the other parties interested not to execute the deed for the premises, but only some of them; non constat but that the contract fell through, and the failure to execute the deed by all the parties resulted, from the refusal of some one of the heirs to whom the defendant has presented neither persuasion nor inducement. The perfection of the plaintiff's theory required an allegation that the

defendant persuaded and induced each and every one of the heirs not to sign the contract, and that by reason of such persuasion or inducement they did not sign.

On either ground the complaint is demurrable, and the judgment must be affirmed.

Interlocutory judgment affirmed, with costs. All concur in result, except HATCH, J., absent.