MARY WOLF, Respondent, *v.* ABRAHAM W. WOLF and MINNIE WOLF, Appellants.

Second Department, November 23, 1920.

Husband and wife — right of parent to withdraw child under age of legal consent from cohabitation with other spouse — liability for alienation of affections where parent brings action to annul marriage and separates child from other spouse pending action — effect of motive inducing annulment proceedings.

In the case of a marriage before the age of legal consent, the right of the parents to control the child before it reaches the age of consent is superior to those rights which flow from the marriage status to the extent that the parents may refuse to permit the child to continue to cohabit with the other party to the marriage pending an annulment action.

Accordingly parents are not liable for alienating the affections of a child who marries under the age of legal consent because they withdrew the child who was still under the age of consent from matrimonial cohabitation pending an action by them to annul the marriage, though the marriage had not been annulled when the action for alienation of affections was begun.

Neither can liability of the parents for alienating the affections of their child be predicated on the motive which induced the annulment proceedings or because they procured the consent of their child to the annulment proceedings by alleged false representations, for the consent of the child is not an essential to the right of the parents to bring proceedings to annul the marriage.

PUTNAM, J., dissents, with opinion.

APPEAL by the defendants, Abraham W. Wolf and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 14th day of April, 1920, granting plaintiff's motion to vacate a verdict rendered by direction of the court in favor of the defendants.

*Meier Steinbrink* [*Frank E. Johnson, Jr.,* and *Samuel M. Fleischman* with him on the brief], for the appellants.

*Arthur Goodstein,* for the respondent.

BLACKMAR, J.:

This action is brought by a wife against the father and mother of her husband for alienating his affections. The

case on appeal consists of a colloquy between the court and counsel and the roll of a judgment annulling the marriage in an action brought by the father. The question, therefore, is whether the facts stated in the complaint and in the judgment roll constitute a cause of action. The complaint alleged that the defendants by their acts and conduct, and by false representations concerning the plaintiff, alienated the affections of plaintiff's husband and caused him to leave her, and induced the husband to consent that they bring an action to annul the marriage. From the judgment roll it appears that the husband was sixteen years old at the time of the marriage, and seventeen years old when the final judgment of annulment was rendered.

The exact question is whether the parents of a minor married at the age of sixteen years, who have, before he reaches the age of consent, brought an action to annul the marriage, are liable in damages for withdrawing him from matrimonial cohabitation pending the action.

Certain rights and duties grow out of the relation of parent and child, and certain out of that of husband and wife. The parent has the right to the custody, control and services of the minor child, and the wife has the right to the society and companionship of and support by the husband. It is plainly to be seen that in the case of marriage of minors such rights may conflict. This subject was considered by our Court of Appeals in *Cochran* v. *Cochran* (196 N. Y. 86). In that case the minors had reached the age of consent and it was held that the marital rights of the wife were paramount to the parental rights of the father. But in the case at bar the son had not reached the age of consent. He was but little over sixteen years of age. The father, authorized by law so to do (Code Civ. Proc. § 1744), brought an action to annul the marriage, and, pending the action, withdrew his son from marital cohabitation. The action resulted in a decree annulling the marriage before the son reached the age of consent. It is the settled policy of the law to prevent marriage between immature minors, and the age of eighteen has been fixed as that at which judgment and discretion have been so far developed as to justify a marriage relation as binding as that between adults. It is a crime for a minister or magistrate to solemnize

a marriage when either of the parties is known to him to be under the age of legal consent. (Penal Law, § 1450.) From the fact that under our law the marriage is voidable, and void only from the time its nullity is declared by a court (Dom. Rel. Law, § 7), it does not necessarily follow that all parental control is lost and that a father, pending an action to annul the marriage of a minor under eighteen years of age, must leave his child in matrimonial cohabitation. The policy of the law does not require that in such a case parental rights must yield to marital duties created by an unlawful marriage. I know of no reason why the marriage of a child of any age upwards of seven years, when the ecclestiastical courts pronounced the marriage absolutely void (Bishop Mar., Div. & Sep. §§ 571–586; Schouler Dom. Rel. § 24), does not create the same legal status as the marriage of one of seventeen. By the common law the age of consent for males was fourteen and for females twelve; but the marriage of infants over seven years of age, but before arriving at such ages of consent, created a voidable matrimonial status which could be disaffirmed by the infant on reaching the age of consent. Such a marriage has been termed inchoate or imperfect. (1 Black. Com. 436.) Under our statutes marriage under the age of consent creates a status voidable only by judicial decree and not by the act of the parties. A father, who has the right of action, even against the child's wish, to annul the marriage, voidable because the child has not reached the age of consent, should not be compelled to submit to cohabitation continuing pending the action, with possible consequences, if the parties had reached the age of puberty, of the birth of offspring. There is no sufficient reason for holding that a mere child by marrying deprives the parents of their right to its custody and control. The law authorizes a child to emancipate itself from parental control by marrying when it reaches the age of eighteen, as was held in *Cochran* v. *Cochran* (*supra*); but I think considerations of public policy require us to hold that in case of marriage before the age of legal consent, the right of the parent to control the child is superior to those rights which flow from the marriage status, especially pending an action brought by the father to annul the marriage, to which case this decision is limited. The very law which gives the

parent that right recognizes the continued existence of the right of control.

The considerations advanced by my brother PUTNAM seem to me irrelevant to the real question presented in this appeal. As the father had the right to bring the action of annulment, his motive in doing so is immaterial. The consent of the son, alleged to have been obtained by false representations, was entirely unnecessary. There are no allegations in the complaint showing that the alleged " false representations " were of material facts, or that they were fraudulently made. Such " false representations " might, if sufficient, be the basis of an action of slander; but they do not convert into a tort an act which is within the father's legal right. The cases cited from Johnson and the Ohio and Massachusetts Reports lack the very element which includes this decision, viz., that the child was under the legal age of consent.

The order setting aside the verdict and granting a new trial should be reversed, with costs, and the motion denied.

RICH and KELLY, JJ., concur; PUTNAM, J., reads for affirmance; JENKS, P. J., not voting.

PUTNAM, J. (dissenting):

It is not questioned that a parent may proceed to annul a marriage entered into by a son at the age of sixteen. The age of seven is not to be compared to sixteen in reference to marriage and its consequences. Seven years by the canon law was not a competent age for marriage at all, but only for espousals, and even that is something, says Phillimore, " of which our present law takes no notice." (1 Eccl. Law, 554.) The idea that a marriage, even called inchoate, could be then entered into probably came from a misunderstanding of the later sense of *sponsalia,* which Swinburne says " signifieth nothing else but promises of future marriage." (Swinburne Espousals, p. 3, § 5.) But the precise point here is whether such a wife before annulment of a marriage of a minor aged sixteen has a remedy for tortious parental acts, such as false representations concerning her in order to alienate the husband's affections. When this action for alienation was begun, the marriage had not been annulled, so that plaintiff had

the *status* of a wife. The rule of decision is the *quo animo* of the parent. (*Hutcheson* v. *Peck,* 5 Johns. 196, 209, per KENT, Ch. J.) On this trial, the court accepted the wife's further offer to show that defendants' annulment action was brought " maliciously." Parental acts with a tortious purpose (*Winsmore* v. *Greenbank,* Willes' Rep. 577, 581), and especially false representations concerning the wife, are not protected. (13 R. C. L. " Husband & Wife," § 522; *Multer* v. *Knibbs,* 193 Mass. 556.) This rule applies even to a marriage of one under the legal age, in which case parental interference must be fair and honest. The marriage relation is not to be broken by unfair means, much less by malicious slander.

Marriage and its annulment originally were subjects of ecclesiastical jurisdiction. In that court of conscience every remedy depended on good faith. Thus, after the first husband's disappearance, a second marriage contracted in belief that he had died must be " in good faith." (R. S. pt. 2, chap. 8, tit. 1, art. 2, § 23; Code Civ. Proc. § 1749.)*

Where a parent broke up a daughter's marriage entered into at the age of sixteen, just over the age of consent, the husband's action was held maintainable, the motive having been malice, not protection. (*Holtz* v. *Dick,* 42 Ohio St. 23.) Parents enjoy the presumption of good faith, but presumptions yield to proof. Hence, I think neither parental authority nor right of custody of minors may be rightly made an absolute privilege in defense of this action.

Order setting aside verdict and granting new trial reversed, with costs, and motion denied.

---

* See 2 R. S. 142, § 23; Code Civ. Proc. § 1745, as amd. by Laws of 1882, chap. 401, and Laws of 1913, chap. 444. Since amd. by Laws of 1919, chap. 202. See, also, Code Civ. Proc. § 1749, as since amd. by Laws of 1919, chap. 202.— [REP.