SAVERIO GUIDA, Plaintiff, v. ANGELINA D'AMICE PON-TRELLI, Sued as ANGELINA D'AMICE, Defendant.

(Supreme Court, Kings Special Term, January, 1921.)

Contracts — when action cannot be maintained against third person for damages for breach of contract to marry — pleading — fraud — when motion for judgment on the pleadings granted.

A party to a contract to marry cannot maintain an action for general damages against a parent or other person who even maliciously induces the other party to break the contract, unless fraud or other tortious means be employed.

A demurrer to a complaint which alleged *inter alia* that plaintiff incurred great expense in anticipation of his marriage to defendant's daughter and had suffered damages in the sum of $10,000 by reason of the deprivation of the companionship, society, love and affection of his fiancee, sustained with leave to serve an amended complaint and defendant's motion for judgment on the pleadings granted.

MOTION by defendant for judgment on the pleadings.

Ira G. Darrin, for defendant, in support of motion.

Edward J. Reilly, for plaintiff, in opposition.

BENEDICT, J. This is a motion by defendant for judgment on the pleadings, consisting of complaint

Supreme Court, January, 1921. [Vol. 114.

and demurrer. The complaint alleges in substance that plaintiff and defendant's daughter, with defendant's consent, entered into a contract to marry; that they obtained a marriage license, defendant at the time giving her consent in writing; that afterward defendant maliciously caused her daughter to break the contract and sent her away to Italy prior to the date to which the wedding had been postponed, and that plaintiff had incurred " great expense " in anticipation of the marriage, and was deprived of the companionship, society, love and affection of his fiancee, all to his damage in the sum of $10,000, for which sum judgment is demanded. The case thus brings up the question whether an action will lie by one party to a contract to marry against a third person who induces the other party to break the engagement. Notwithstanding that this is a very unusual question, counsel on both sides have seen fit to impose on the court the labor of searching for authorities.

Before discussing the few authorities which have been found, it may be worth while to state the law applicable generally to cases of interference by a third person with the execution of a contract, through inducing one of the parties to break it. The doctrine to which our courts in New York have adhered for many years is that no action will lie in such a case, unless the breach of the contract is brought about by fraud or other tortious act. *Ashley* v. *Dixon,* 48 N. Y. 430; *Daly* v. *Cornwell,* 34 App. Div. 27; *DeJong* v. *Behrman Co.,* 148 id. 37; *Turner* v. *Fulcher,* 165 N. Y. Supp. 282. This doctrine differs from that recognized in some other jurisdictions, where it is held that an action may be maintained for maliciously inducing a party to a contract to break it, without regard to the means employed. *Automobile Ins. Co.* v. *Guaranty*

*Securities Corporation,* 240 Fed. Repr. 222, 225; *American Malting Co.* v. *Keitel,* 209 id. 351, 358; *Wheeler-Stenzel Co.* v. *American Window Glass Co.,* 202 Mass. 471; *Booth* v. *Burgess,* 72 N. J. Eq. 181, 188; *Temperton* v. *Russell,* (1893) 1 Q. B. 715.

Coming now to cases involving the contract to marry, very few have been found. The only one in point is *Leonard* v. *Whitson,* 34 Ind. App. 383, in which it was held that an action could not be maintained against the parents of a young man, who induced him to break his engagement with plaintiff after he had seduced her, and she was with child by him, features which would seem to make the case much stronger for the plaintiff than the present action. It was also held that even if the parents had made false statements about plaintiff to induce the son to break the engagement, the action would be for slander, and the breach of the contract only an element of damage. Cooley is to the same effect. 1 Cooley Torts (3d ed.), 494, *277, *278. *Harriott* v. *Plimpton,* 166 Mass. 585, is inconclusive. *Wolf* v. *Wolf,* 194 App. Div. 33, is cited by defendant, but is of little assistance. There the parties had been married, both being under the age of legal consent, and the parents of the husband, who had not consented to the marriage, took him under their control pending an action for annulment which they had brought. In Quebec it has been held that a parent may be liable in case a minor child wrongfully breaks a contract to marry, even without active interference on the parent's part, but this doctrine seems to be based upon a law of that province making a parent liable for the torts of his minor child, the breach of promise being regarded as a tort. *Internoscia* v. *Bonelli,* 28 Queb. Super. 58; *Delage* v. *Normandeau,* 9 Queb. Q. B. 93.

Taking all these authorities I can come to no other

conclusion than that in this state a party to a contract to marry cannot maintain an action for general damages against a parent or other person who even maliciously induces the other party to breach the contract, unless fraud or other tortious means be employed.

Plaintiff is not, however, in my opinion, remediless so far as the expenses incurred by him in anticipation of the marriage were incurred in reliance upon the defendant's consent, and before notice of the withdrawal thereof, provided such withdrawal was without adequate reason. The age of defendant's daughter is not alleged, but it is stated in defendant's memorandum that she was seventeen at the time defendant consented to the marriage; and I assume that the daughter was under eighteen at that time, because when the license was issued, defendant gave her written consent. See Dom. Rel. Law, § 15. But the complaint does not contain appropriate allegations to enable plaintiff to recover the amount of such expenses, because it does not appear that they were incurred in reliance upon defendant's consent and before notice of its withdrawal. I should regard it as also important to allege the age of the daughter, and whether or not her father was living at the time, and if living whether or not his consent could be obtained, because I think it should appear that defendant's consent was legally necessary to obtain the license, and that her consent alone was sufficient, in order to give plaintiff the right to rely thereon in making the expenditures which he alleges.

It may be urged that, as the daughter was an infant, the contract to marry was not binding upon her, and hence that no action can be maintained against the defendant for inducing the daughter to break it, even to recover the amount expended by plaintiff in

reliance upon defendant's consent. But the fact that the contract was not binding upon the daughter does not relieve the defendant from liability in respect of these expenditures under the circumstances above mentioned, if, but for her interference, the marriage would have taken place. *Rice* v. *Manley,* 66 N. Y. 82.

The conclusion which I have reached from all the above considerations is that under the law of this state a person who, without fraud or other act amounting to a tort, induces a party to a contract to break it is not liable to the other party for general damages, but may under peculiar circumstances be liable for special damages.

The defendant's motion for judgment on the pleadings is granted, with ten dollars costs, and demurrer sustained, with leave to plaintiff to serve an amended complaint within twenty days on payment of such costs.

Ordered accordingly.