ELVINGTON v. WACCAMAW SHINGLE COMPANY ET ALS.

(Filed 31 March, 1926.)

1. **Deeds and Conveyances—Timber—Extension Period—Consideration— Payment—Time the Essence.** .

   To enforce against the grantor an option of an extension period for cutting and removing growing timber sold upon lands, it must be exercised by the purchaser by paying the consideration within the time specified in the contract, and time will be deemed to be of the essence of the contract. .

2. **Same—Offer after Expiration of Extension Period—Damages—Rights and Remedies—Motive.**

   The optionee of an extension period for cutting and removing timber growing upon lands is within his legal rights in tendering the payment required by the contract, after the time therein stipulated and required, without liability to the grantor for damages by reason of causing without personal interference a proposed purchaser from the latter to refuse to accept a proposition he had made for the timber, the subject of the option, whatever the ulterior motive the optionee may have had.

CIVIL ACTION before *Daniels, J.,* at September Term, 1925, of BRUNS-WICK.

On 7 May, 1922, the plaintiff conveyed certain timber rights to W. C. Manning, trustee, which rights were purchased by the defendant. The contract of sale provided for a period of ten years for cutting and removing the timber, and further provided for an additional term "by paying annually to said Elvington, his heirs or assigns, six per cent of the purchase money herein mentioned. The first period provided in the contract expired on 7 May, 1922. The defendant did not make tender for the extension privilege until 10 May, 1922, which was three days after the time expired. The defendant contended that time was not of the essence of the contract and that therefore his tender was valid. This Court, however, in the case of *Elvington v. Shingle Co.,* 189 N. C., 366, held that the defendants' right to the extension privilege had been lost by failure to make a tender in accordance with the contract.

The plaintiff alleged "that after the expiration of said option this plaintiff, as he had a right to do, contracted with J. J. Knox for the sale of said timber for the sum of $3,500, and the said Knox was ready, willing and able to pay this amount for the said timber and but for the wrongful, unlawful and unwarranted interference with the said timber of the aforesaid plaintiff by the defendants, the contract with the aforesaid J. J. Knox would have been consummated." The plaintiff further contended that the tender of the money by the defendant, after his contract had expired and after he had sold the timber to Knox, prevented Knox from buying the timber for the reason that Knox then stated that he would not take the timber, as he "did not want to have anything to do with it if there was to be litigation."

The plaintiff contends that the tender of money by the defendant after the time had expired constituted an unlawful interference with his contract with Knox because by reason thereof Knox declined to take the timber.

At the conclusion of the evidence for plaintiff judgment of nonsuit was entered and the plaintiff appealed.

*Robt. W. Davis for plaintiff.*
*C. Ed. Taylor for defendant.*

BROGDEN, J. The legal basis of plaintiff's cause of action is wrongful, unlawful and unwarranted interference with the contract of sale made by him with John J. Knox.

It is a violation of a legal right, recognized by law, to interfere with contractual relation, if there be no sufficient justification for the interference. Pollock on Torts, 12 ed., 332. A clear and comprehensive statement of the principle is found in *Angle v. Chicago St. P. M. & O. R. Co.,* 151 U. S., 55, and is in this language: "Wherever a man does an act which in law and in fact is a wrongful act, and such act as may, as a natural and probable consequence of it, produce injury to another, and which in the particular case does produce such an injury, an action on the case will lie." The opinion cites *Jones v. Stanly,* 76 N. C., 355, and *Haskins v. Royster,* 70 N. C., 601, which hold that, if a person maliciously entices laborers or croppers to break their contracts with their employer and desert his service, the employer may recover damages against such person. And these cases further hold that the same reasons cover every case where one person maliciously persuades another to break any contract with a third person.

The trial judge nonsuited the plaintiff, and therefore the only question to be considered is whether or not there was any evidence of an unlawful and wrongful interference with the contract of sale made by the plaintiff.

The only evidence to support the cause of action was the fact that the defendant tendered the money for the extension privilege after the time expired, and that at the time of the tender the defendant's agent said "I am going to get that timber." There is no evidence that the defendant ever spoke to Knox or had any communication with him whatever about buying the timber. Knox refused to buy because he did not want to "buy a law suit." The defendant had a right to make the tender. Therefore it was not a wrongful act for him to do so. Even if it be conceded that the defendant made the tender with a malicious motive, then plaintiff would be in no better plight. "An act which does not amount to a legal injury cannot be actionable because it is done with bad intent. That the exercise by one man of his legal right cannot be a legal wrong to another is a truism." *Biggers v. Matthews,* 147 N. C., 299; *Swain v. Johnson,* 151 N. C., 93; *Bell v. Danzer,* 187 N. C., 224.

The principle is thus expressed: "An act which is lawful in itself and which violates no right cannot be made actionable because of the motive which induced it. A malicious motive will not make that wrong which in its own essence is lawful." "If an act be lawful—one that the party has a legal right to do—the fact that he may be actuated by an improper motive does not render it unlawful." *Bell v. Danzer, supra.*

Applying these principles of law to the facts in this case, it is clear that the defendant had a right to make the tender and to assert his claim in a lawful way. Therefore, the attempted tender of the money by the defendant could in no sense be construed as an unlawful and wrongful interference with the contractual rights of plaintiff with a third party. The judgment of nonsuit was properly entered.

Affirmed.