WILLIAM C. HOLDER AND WIFE, ILA K. HOLDER, v. ATLANTIC JOINT-STOCK LAND BANK OF RALEIGH.

(Filed 20 March, 1935.)

1. **Contracts G a—Procurement of breach of contract by third person held lawful in this case and was therefore damnum absque injuria.**

Defendant mortgagee instituted foreclosure proceedings against plaintiff mortgagor and the purchaser of the equity of redemption who had assumed the deed of trust, the purchaser of the equity having defaulted in payment. Prior to confirmation of the sale, plaintiff, in order to be in a position to make title to the property, obtained an agreement from the purchaser of the equity to surrender the land to plaintiff upon cancellation of notes executed by him to plaintiff in part payment of the equity of redemption, and plaintiff, with knowledge of defendant, negotiated for private sale of the land and obtained a prospective purchaser who agreed to buy the land from plaintiff and make a cash payment sufficient to pay delinquent installments due defendant, assume defendant's deed of trust, and execute a second mortgage to plaintiff. Thereafter defendant induced the prospective purchaser to breach his contract with plaintiff by advising him that plaintiff could not convey good title, and promising that defendant would acquire title upon completion of the foreclosure proceedings and would sell the land to the prospective purchaser at a price lower than that agreed upon with plaintiff, and at a profit to defendant. Plaintiff mortgagor instituted this action upon allegations of wilful, wrongful, and malicious interference with the contract between him and his prospective purchaser. There were no allegations of slander of title, fraudulent misrepresentations to the prospective purchaser, or breach of contract with plaintiff to coöperate with him in the sale of the land. *Held:* Defendant's motion as of nonsuit was properly allowed, the procurement of breach of the contract by the prospective purchaser being lawful and therefore *damnum absque injuria.*

2. **Same—Malicious procurement of breach of contract is not actionable when such procurement is lawful.**

In order for a cause of action to lie against a competing third party for procuring the breach of a contract by one of the contracting parties it is necessary for such procurement to be unlawful and wrongful, since the law affords no protection against lawful competition, however malicious, the lawful procurement of the breach of the contract being *damnum absque injuria.*

3. **Trial D a—**

The failure to appeal from judgment overruling a demurrer to the complaint does not preclude defendant from entering a motion for nonsuit, since a demurrer is addressed to the pleadings and a motion of nonsuit is addressed to the evidence.

APPEAL from *Moore, Special Judge,* at March Term, 1934, of WAKE. Affirmed.

At the conclusion of the plaintiffs' evidence the defendant's motion for a judgment as of nonsuit was allowed, and the plaintiffs excepted and appealed to the Supreme Court, assigning errors. The facts are set forth in the opinion.

*J. M. Broughton and W. H. Yarborough, Jr., for plaintiffs, appellants.*
*McLean & Stacy and I. M. Bailey for defendant, appellee.*

SCHENCK, J. Construing the evidence most favorably to the plaintiffs, the facts are substantially as follows:

In the month of January, 1925, the *feme* plaintiff was the owner of a tract of land located in St. Mary's Township, Wake County, consisting of 66 acres. Under date of 2 January, 1925, she, with her husband, executed a deed of trust on said land to the defendant land bank to secure a loan of $2,000, and on 14 January, 1925, they conveyed the land to W. O. Fuller and his wife, Fannie G. Fuller, and as a part of the consideration therefor the said Fuller and his wife assumed the payment of the loan notes and deed of trust theretofore given to the defendant land bank, and also executed to the plaintiffs promissory notes in the aggregate of $3,000 securing the same with a deed of trust on said land. Thereafter, in the year 1931, the purchasers, Fuller and his wife, defaulted in the payments to the land bank and foreclosure proceedings were instituted by the bank against the plaintiffs and against Fuller and his wife in the Superior Court of Wake County. While the foreclosure proceedings were pending and before the order of confirmation of sale therein was made, the plaintiffs, with the knowledge of the defendant, negotiated for a private sale of said land to one Pascal Barber and his wife, Allie Barber, and the said Barber and wife contracted and agreed to purchase said land by making a cash payment in an amount sufficient to pay all the deferred installments on the loan to the land bank and to cover all costs and expenses in connection with the foreclosure proceedings, and agreed in addition thereto to assume the payment of the remaining balance of $1,829.12 due the land bank, and to deliver to the plaintiffs notes aggregating $1,856.20 covering the balance of the purchase price and to secure said notes by a mortgage on said property subject to the land bank deed of trust. When W. O. Fuller and wife defaulted in payment of the land bank indebtedness and in the indebtedness to the plaintiffs they agreed to surrender the land to the plaintiffs in consideration of their notes being canceled, thus putting the plaintiffs in a position to make title to the property. And, further, after the plaintiffs had reached an agreement with Pascal Barber and his wife, and after said Barber and his wife had placed themselves in a position to comply with the terms of said agreement, the defendant land bank,

with full knowledge of the negotiations between the plaintiffs and the said Barbers, through its agents, informed Barber and his wife that the plaintiffs could not give them title to the land, and if they would abandon their negotiations with the plaintiffs and wait a few days until the land bank acquired the property through the pending foreclosure proceedings, the land bank would sell them the land at a price of at least $1,000 less than the price at which the plaintiffs had agreed to sell them the same, and that in this manner the land bank would make a profit and at the same time save the prospective purchasers a substantial amount. Pascal Barber and his wife were induced by such representations of the defendant land bank to abandon their contract with the plaintiffs with the view of later purchasing the land from the bank at a lower price.

It is alleged in the complaint "that the action of the defendant in procuring the said Pascal Barber and wife to break their contract with plaintiffs and in inducing them not to carry out their definite contract with the plaintiffs for the purchase of the said land, constituted a malicious interference with the contractual rights of the plaintiffs; that said action on the part of the defendant was actuated by malice and by a wilful and reckless disregard for the rights of plaintiffs, and by the desire on the part of the defendant to obtain for itself a substantial profit and benefit. That by reason of the said wilful, wrongful, and malicious act of the defendant in interfering with said contract, and in inducing and procuring the said Pascal Barber and wife to break the said contract, the plaintiffs have been damaged. . . ."

Since the gravamen of the plaintiffs' alleged cause of action is the "wilful, wrongful, and malicious act of the defendant in interfering with said contract and in inducing and procuring the said Pascal Barber and wife to break said contract," and since the motion for judgment of nonsuit was allowed, the only question for our consideration is whether there was any evidence of a wilful and wrongful interference by the defendant with a contract of sale made by the plaintiffs with Pascal Barber and his wife.

The purport of what the defendant did was to offer to sell the land to Pascal Barber and his wife for less money than it would cost them if they bought the land from the plaintiffs, and thereby caused Barber and his wife to abandon their contract with the plaintiffs. If this was unlawful and wrongful, then the plaintiffs made out a cause of action, but if it was not unlawful and wrongful, however malicious it may have been, the plaintiffs failed to make out a cause of action. *Elvington v. Shingle Co.,* 191 N. C., 515. "Malicious motive makes a bad act worse, but it cannot make that wrong which in its own essence is lawful. . . . As long as a man keeps himself within the law by doing no act which violates it, we must leave his motives to Him who searches the heart."

*Biggers v. Matthews,* 147 N. C., 299. We hold that the acts of the defendant were within the law.

In the complaint there is no allegation that the defendant made any false or fraudulent representation to Barber and his wife, and no allegation that the defendant breached any contract with the plaintiffs to co-operate with them in the sale of the land to Barber and his wife or any other third person, and no allegation upon which an action for slander of title might be predicated. Therefore it would seem that any loss that the plaintiffs suffered by reason of the defendant's acts in the premises was the result of lawful competition, and the law does not protect one against competition. Disturbance or loss resulting therefrom is *damnum absque injuria. Swain v. Johnson,* 151 N. C., 93.

"An action cannot, in general, be maintained for inducing a third person to break his contract with the plaintiff; the consequence, after all, being only a broken contract, for which the party to the contract may have his remedy by suing upon it." Cooley on Torts, 4th Ed., Vol. 2, p. 602, sec. 360. See, also, *Biggers v. Matthews, supra; Swain v. Johnson, supra; Elvington v. Shingle Co., supra,* all of which are authority for the action of the Superior Court in allowing the motion for judgment as of nonsuit.

The position of the appellant that the failure of the defendant to appeal from the judgment overruling a demurrer to the complaint was *res adjudicata* of the question raised upon the motion for judgment as of nonsuit is untenable, since a demurrer is addressed to the pleadings and a motion for nonsuit is addressed to the evidence.

Affirmed.