CLAY L. BRUTON v. J. R. SMITH, RUBY B. SMITH, CLEO SMITH, MRS. S. J. SMITH AND SIBLEY MANUFACTURING COMPANY, INC.

(Filed 21 November, 1945.)

**1. Contracts § 26: Criminal Law § 2—**

Malicious motive makes a bad act worse, but it cannot make that wrong which in its own essence is lawful.

**2. Contracts § 26—**

An action cannot, in general, be maintained for inducing a third person to break his contract with plaintiff; the consequence after all being only a broken contract, for which the party to the contract may have his remedy by suing upon it.

**3. Same—**

In an action by plaintiff to recover damages of the appealing defendant, the complaint alleging a contract between plaintiff and the other defend-

BRUTON v. SMITH.

ants for the purchase by plaintiff of certain lands and the timber thereon, which contract the appealing defendant maliciously and wrongfully prevented the other defendants from complying with, by offering the other defendants a price greatly in excess of that in the plaintiff's contract and the appealing defendant thereafter acquiring a deed to the said lands and timber, the resulting loss to plaintiff is *damnum absque injuria* and there was error by the court below in overruling a demurrer to the complaint.

BARNHILL, J., concurring.

WINBORNE and DENNY, JJ., join in concurring opinion.

APPEAL by defendant Sibley Manufacturing Company, Inc., from *Gwyn, J.,* at April Term, 1945, of MONTGOMERY.

This was an action, *inter alia,* to recover damages for the alleged wrongful and unlawful interference by the defendant Sibley Manufacturing Company, Inc., and for the joint conspiracy entered into by and between all of the defendants to deprive the plaintiff of his rights under the terms and provisions of a certain receipt or contract of conveyance wherein J. R. Smith and his codefendants agreed to execute and deliver to the plaintiff deed to 130 acres of land and timber located in East Center Township, Stanly County, known as the S. J. Smith land.

It is alleged "That although the defendant, Sibley Manufacturing Company, Inc., through its officers and agents, knew of the existence of said receipt or contract of conveyance, it maliciously and wrongfully offered its codefendants a price greatly in excess of the purchase price enumerated in said receipt or contract of conveyance, of which the corporate defendant had knowledge, and maliciously and wrongfully prevented its codefendants, as well as all of the other tenants in common, from complying with the terms and provisions of said receipt or contract of conveyance for the sole purpose of depriving the plaintiff of title thereto and in consummation of their joint malicious and wrongful conspiracy, as aforesaid, the defendant, Sibley Manufacturing Company, Inc., did acquire a deed to said land and timber as a result of which the defendants, other than the corporate defendant, are now unable to comply with their said receipt or contract of conveyance," and "that such acts and conduct on the part of the defendant, Sibley Manufacturing Company, Inc., participated in by its co-defendants, which acts and conduct on the part of the defendants was jointly entered into and consummated maliciously and wrongfully, constituted such interference with said contract rights of the plaintiff as to cause the plaintiff to be damaged on account thereof."

The defendant, Sibley Manufacturing Company, Inc., demurred to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action against it. The court overruled the

demurrer and the defendant, Sibley Manufacturing Company, Inc., in apt time objected, excepted and appealed to the Supreme Court, assigning error.

No counsel for Bruton, plaintiff, appellee.

R. L. Smith & Son for Sibley Manufacturing Company, Inc., defendant, appellant.

SCHENCK, J. The gravamen of what the appealing defendant is alleged to have done was to procure the individual defendants to sell the land and timber involved to it, at a price greatly in excess of that named in said receipt or contract of conveyance, and thereby prevent them from carrying out the contract with the plaintiff, to the damage of the plaintiff. If this was unlawful and wrongful, then the plaintiff made out a cause of action; but if it was not unlawful nor wrongful, however malicious it may have been the plaintiff failed to make out a cause of action. Elvington v. Shingle Co., 191 N. C., 515, 132 S. E., 274. " 'Malicious motive makes a bad act worse, but it cannot make that wrong which in its own essence is lawful. . . . As long as a man keeps himself within the law by doing no act which violates it, we must leave his motives to Him who searches the heart.' Biggers v. Matthews, 147 N. C., 299." Holder v. Bank, 208 N. C., 38, 178 S. E., 861.

In the complaint there is no allegation that the appealing defendant made any false or fraudulent representation to the plaintiff, and no allegation that the appealing defendant breached any contract with the plaintiff by the purchase of the land. Therefore it would seem that any loss that the plaintiff suffered by reason of the appealing defendant's acts in the premises was the result of lawful competition, and the law does not protect one against competition. Disturbance or loss resulting therefrom is damnum absque injuria. Swain v. Johnson, 151 N. C., 93, 65 S. E., 619.

" 'An action cannot, in general, be maintained for inducing a third person to break his contract with the plaintiff; the consequence, after all, being only a broken contract, for which the party to the contract may have his remedy by suing upon it.' Cooley on Torts, 4th Ed., Vol. 2, p. 602, sec. 360. See, also, Biggers v. Matthews, supra; Swain v. Johnson, supra; Elvington v. Shingle Co., supra." Holder v. Bank, supra. See, also, Coleman v. Whisnant, ante, 494.

It would seem, also, that the failure of the plaintiff to have his contract duly recorded in the public registry left the appealing defendant free to purchase without incurring any liability to plaintiff.

There was error in overruling the defendant's demurrer and for this reason the judgment below must be reversed. It is so ordered.

Reversed.

BARNHILL, J., concurring: I concur in the majority conclusion, but I cannot agree that a party may not become liable in damages for inducing, or conspiring with, another to breach a contract. The books are full of cases to the contrary. Anno. 84 A. L. R., 43, *et seq.*

The weight of authority supports the rule that an action will lie against a person who, otherwise than in a legitimate exercise of his own rights, procures the breach of a contract. Moreover, interference with contract relations includes not merely the procurement of the breach of contract, but all invasions of contract relations, including any act injuring or destroying persons or property which retards, makes more difficult, or prevents performance, or makes performance of less value to the promisee. 52 Am. Jur., 387.

The theory of the doctrine is that the right to perform a contract and to reap the profits resulting from such performance, and also the right to performance by the other party, are property rights which entitle each party to protection and to seek compensation by action in tort for an injury to such contract. 30 Am. Jur., 71-2; Anno. 84 A. L. R., 43, *et seq.; Angle v. Chicago St. P. M. & O. R. Co.,* 151 U. S., 55, 38 L. Ed., 1.

This rule has been approved and enforced in this State. *Haskins v. Royster,* 70 N. C., 601; *Jones v. Stanly,* 76 N. C., 355; *Morgan v. Smith,* 77 N. C., 37; *Holder v. Mfg. Co.,* 135 N. C., 392; *Williams v. Parsons,* 167 N. C., 529, 83 S. E., 914; *Elvington v. Shingle Co.,* 191 N. C., 515, 132 S. E., 274.

Even so I agree that the complaint fails to state a cause of action against the appealing defendant. In so doing I base my concurrence squarely on our registration law, and the legal effect thereof. Notice, however full, of contracts concerning, or affecting the title to, real property does not take the place of registration. Until the contract or conveyance is recorded third parties may deal with the property as if no contract existed. G. S., 47-18; *Glass v. Shoe Co.,* 212 N. C., 70, 192 S. E., 899; *Sills v. Ford,* 171 N. C., 733, 88 S. E., 636; *Collins v. Davis,* 132 N. C., 106; *Case v. Arnold,* 215 N. C., 593, 2 S. E. (2d), 694; *Grimes v. Guion,* 220 N. C., 676, 18 S. E. (2d), 170; *Turner v. Glenn,* 220 N. C., 620, 18 S. E. (2d), 197; *Lanier v. Lumber Co.,* 177 N. C., 200, 98 S. E., 593; *McClure v. Crow,* 196 N. C., 657, 146 S. E., 713; *Smith v. Turnage-Winslow Co.,* 212 N. C., 310, 193 S. E., 685; *Patterson v. Bryant,* 216 N. C., 550, 5 S. E. (2d), 849.

The exercise of a legal right in a lawful manner cannot give rise to a cause of action.

"An act which is lawful in itself and which violates no right cannot be made actionable because of the motive which induced it. A malicious motive will not make that wrong which in its own essence is lawful."

*Guethler v. Altman,* 84 A. S. R., 313. "If an act be lawful—one that the party has a legal right to do—the fact that he may be actuated by an improper motive does not render it unlawful." *Bohn Man. Co. v. Hollis,* 40 A. S. R., 319; *Bell v. Danzer,* 187 N. C., 224, 121 S. E., 448; *Biggers v. Matthews,* 147 N. C., 299; *Swain v. Johnson,* 151 N. C., 93, 65 S. E., 619; *Elvington v. Shingle Co., supra; Holder v. Bank,* 208 N. C., 38, 178 S. E., 861.

The plaintiff was privileged to have his contract recorded in the public registry and thus protect his rights. Until he did so the appealing defendant was free to deal with the property as if there were no contract. In exercising this right, whatever the motive, he incurred no liability for wrongfully interfering with the contract of plaintiff, which as to him, in law, did not exist.

Having failed to file his contract for registration, the plaintiff must suffer the consequences.

It is true the excerpt from 2 Cooley on Torts (4th Ed.), 602, sec. 360, quoted in the majority opinion as a rule of general application is cited in a number of opinions of this Court. In each case, however, the Court was discussing contracts relating to real estate. It has never been adopted here as the general rule controlling all cases of alleged interference with the contract of another.

The law discussed in those opinions must be interpreted in each instance in the light of the framework of the facts of the particular case. *Light Co. v. Moss,* 220 N. C., 200, 17 S. E. (2d), 10; *S. v. Crandall, ante,* 148; *S. v. Utley,* 223 N. C., 39, 25 S. E. (2d), 195; *S. v. Boyd,* 223 N. C., 79, 25 S. E. (2d), 456; *Byers v. Byers,* 223 N. C., 85, 25 S. E. (2d), 466. When so interpreted it appears that the rule denying recovery for wrongfully inducing the breach of a contract concerning land is an exception to the general rule heretofore stated. The exception is bottomed upon the force and effect of our registration law.

WINBORNE and DENNY, JJ., join in this opinion.