BARNHILL, J., concurring.
WINBORNE and DENNY, JJ., join in concurring opinion.
This was an action, inter alia, to recover damages for the alleged wrongful and unlawful interference by the defendant Sibley Manufacturing Company, Inc., and for the joint conspiracy entered into by and between all of the defendants to deprive the plaintiff of his rights under the terms and provisions of a certain receipt or contract of conveyance wherein J. R. Smith and his codefendants agreed to execute and deliver to the plaintiff deed to 130 acres of land and timber located in East Center Township, Stanly County, known as the S. J. Smith land.
It is alleged "That although the defendant, Sibley Manufacturing Company, Inc., through its officers and agents, knew of the existence of said receipt or contract of conveyance, it maliciously and wrongfully offered its codefendants a price greatly in excess of the purchase price enumerated in said receipt or contract of conveyance, of which the corporate defendant had knowledge, and maliciously and wrongfully prevented its codefendants, as well as all of the other tenants in common, from complying with the terms and provisions of said receipt or contract of conveyance for the sole purpose of depriving the plaintiff of title thereto and in consummation of their joint malicious and wrongful conspiracy, as aforesaid, the defendant, Sibley Manufacturing Company, Inc., did acquire a deed to said land and timber as a result of which the defendants, other than the corporate defendant, are now unable to comply with their said receipt or contract of conveyance," and "that such acts and conduct on the part of the defendant, Sibley Manufacturing Company, Inc., participated in by its co-defendants, which acts and conduct on the part of the defendants was jointly entered into and consummated maliciously and wrongfully, constituted such interference with said contract rights of the plaintiff as to cause the plaintiff to be damaged on account thereof."
The defendant, Sibley Manufacturing Company, Inc., demurred to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action against it. The court overruled the *Page 586 
demurrer and the defendant, Sibley Manufacturing Company, Inc., in apt time objected, excepted and appealed to the Supreme Court, assigning error.
The gravamen of what the appealing defendant is alleged to have done was to procure the individual defendants to sell the land and timber involved to it, at a price greatly in excess of that named in said receipt or contract of conveyance, and thereby prevent them from carrying out the contract with the plaintiff, to the damage of the plaintiff. If this was unlawful and wrongful, then the plaintiff made out a cause of action; but if it was not unlawful nor wrongful, however malicious it may have been the plaintiff failed to make out a cause of action. Elvington v. Shingle Co.,191 N.C. 515, 132 S.E. 274. "`Malicious motive makes a bad act worse, but it cannot make that wrong which in its own essence is lawful. . . . As long as a man keeps himself within the law by doing no act which violates it, we must leave his motives to Him who searches the heart.' Biggers v.Matthews, 147 N.C. 299." Holder v. Bank, 208 N.C. 38, 178 S.E. 861.
In the complaint there is no allegation that the appealing defendant made any false or fraudulent representation to the plaintiff, and no allegation that the appealing defendant breached any contract with the plaintiff by the purchase of the land. Therefore it would seem that any loss that the plaintiff suffered by reason of the appealing defendant's acts in the premises was the result of lawful competition, and the law does not protect one against competition. Disturbance or loss resulting therefrom is damnum absque injuria. Swain v. Johnson, 151 N.C. 93,65 S.E. 619.
"`An action cannot, in general, be maintained for inducing a third person to break his contract with the plaintiff; the consequence, after all, being only a broken contract, for which the party to the contract may have his remedy by suing upon it.' Cooley on Torts, 4th Ed., Vol. 2, p. 602, sec. 360. See, also, Biggers v. Matthews, supra; Swain v. Johnson,supra; Elvington v. Shingle Co., supra." Holder v. Bank, supra. See, also,Coleman v. Whisnant, ante, 494.
It would seem, also, that the failure of the plaintiff to have his contract duly recorded in the public registry left the appealing defendant free to purchase without incurring any liability to plaintiff.
There was error in overruling the defendant's demurrer and for this reason the judgment below must be reversed. It is so ordered.
Reversed. *Page 587