SAMUEL F. JONES v. EDWARD R. STANLY.

*Contract -- Liability of One Maliciously Causing Breach of.*

One who maliciously persuades another to break a contract with a third person is liable to such person for damages ; *Therefore,* in an action for damages where the plaintiff had made a contract with a Rail Road Company of which the defendant was President and Superintendent which contract the defendant maliciously and in order to injure the plaintiff, refused to complete. *Held,* that the plaintiff is entitled to recover.

*(Haskins* v *Royster,* 70 N. C. 601, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1875, of CRAVEN Superior Court, before *Seymour, J.*

The suit was brought to recover damages of the defendant for breach of contract.

The facts necessary to an understanding of the points decided are sufficiently stated in the opinion of this Court. The jury rendered a verdict for the plaintiff for $3,000 upon which judgment was entered. The Court thereafter upon motion of defendant arrested the judgment and plaintiff appealed to this Court.

*Messrs. Smith & Strong;* for plaintiff.
*Mr. C. R. Thomas,* for defendant.

RODMAN, J.  It was decided in *Haskins .v. Royster,* 70 N. C. 601, that if a person maliciously entices laborers or croppers to break their contracts with their employer and desert his service, the employer may recover damages against such person.  The same reasons cover every case where one person maliciously persuades another to break *any* contract with a third person.  It is not confined to contracts for service.  In the present case the plaintiff made a contract with the Atlantic & North Carolina Railroad Company of which the defendant was President and Superintendent, by which the Company agreed to transport from points on their road to Morehead City a large number of cross-ties which plaintiff had contracted to deliver in Cuba.  After the contract had been partly performed the defendant being still President and Superintendent of the Company maliciously and for the purpose of injuring the plaintiff, as the jury have found, refused to complete the contract whereby plaintiff was injured.  After the jury had found a verdict for the plaintiff and assessed his damages the Judge arrested the judgment and the plaintiff appealed.  In this we think the Judge erred and his judgment must be reversed.

It is the duty of this Court to give such judgment as it appears on the record that the Court below should have given.  The plaintiff moves here for judgment upon the verdict.  There are no exceptions by defendant to the Judge's charge, and it does not appear that he asked for a new trial.  The instructions of the Judge on the question of damages are not full, but it does not appear that he was requested to give any others.  If he had thought the damages excessive he would have set the verdict aside and given a

new trial on that ground. We neither do nor can know any-thing of the evidence and if we did we could not set aside the verdict and give a new trial on that ground except per-haps where it appeared to be a very gross case of excess

Judgment below reversed and judgment in this Court for the plaintiff according to the verdict.

PER CURIAM.                    Judgment reversed.