WILLIE BRYANT v. JIMMIE IRVIN BARBER.

(Filed 8 April, 1953.)

**1. Carriers § 2: Utilities Commission § 2—**

The Utilities Commission has the power and duty to regulate intrastate transportation of passengers by carrier for compensation over the public highways of this State, and only a holder of a certificate or permit from the Utilities Commission may legally engage in such business unless such party is exempt from regulation by the express terms of the Bus Act. G.S. 62-121.52.

**2. Same—**

G.S. 62-121.47 exempts from the regulations of the Utilities Commission carriers in intrastate commerce transporting passengers for hire to and from Federal military reservations or bases only if such carriers have been procured by the U. S. Government to carry passengers for it, or the transportation of such passengers is under the control of the United States.

**3. Carriers § 7 ½ —**

A franchise carrier may maintain an action in the Superior Court to restrain another carrier from illegal operation along his route without a certificate or permit from the Utilities Commission when such illegal operation by such other carrier interferes with its franchise rights. G.S. 62-121.72 (2).

**4. Same: Contracts § 26—**

Where plaintiff contract carrier, having a permit from the Utilities Commission, has contracts with numerous persons living along his route obligating such persons to ride on plaintiff's buses exclusively, plaintiff is entitled to recover the damages sustained by reason of wrongful acts of another carrier, operating without certificate or permit, in inducing plaintiff's passengers to breach their contracts with plaintiff.

APPEAL by defendant from *Frizzelle, J.,* in Chambers at Snow Hill, N. C., 17 February, 1953. From JONES.

This is an action to restrain the defendant from operating buses to Camp Lejeune in violation of the Bus Act of 1949, and from interfering with the contracts of the plaintiff for the transportation of passengers who have contracted to ride on plaintiff's buses to and from Camp Lejeune, and for damages.

The plaintiff is a contract carrier as defined in the Bus Act of 1949 and as such carrier was duly issued a permanent permit on 8 May, 1952, by the Utilities Commission, authorizing him to transport passengers from certain designated points or areas in Eastern North Carolina to and from Camp Lejeune.

After securing his permit as a contract carrier as authorized by G.S. 62-121.50 and G.S. 62-121.52, the plaintiff entered into contracts with various persons employed at Camp Lejeune for the exclusive privilege of transporting them to and from their work daily.

On 28 April, 1952, the North Carolina Utilities Commission issued an administrative ruling to the effect that the transportation of civilian employees to and from military camps is "for the United States government" and therefore does not require a certificate or permit therefor, such transportation not being subject to regulation by the Commission.

Pursuant to the above ruling the defendant applied for and obtained a certificate of exemption from the Utilities Commission on 3 November, 1952. Immediately thereafter he began the operation of buses along the same route over which the plaintiff's permit authorizes him to operate.

On 19 January, 1953, the plaintiff obtained a temporary restraining order against the defendant, enjoining him from operating buses to and from Camp Lejeune, N. C., from Trenton, N. C., and from interfering with the contracts of the plaintiff and certain passengers who had contracted to ride on plaintiff's buses.

When this cause came on for hearing on the order to show cause why the restraining order should not be continued until the final determination of the action, the defendant demurred to the complaint on the ground that the court had no jurisdiction of the subject matter set out in the plaintiff's first cause of action, and on the ground that neither the first nor the second cause of action set out in the complaint states a cause of action against the defendant.

His Honor overruled the demurrer and continued the temporary restraining order to the final hearing. From these rulings the defendant appeals and assigns error.

*Ruark, Ruark & Moore and John D. Larkins, Jr., for plaintiff, appellee.*

*Hughes & Abbott for defendant, appellant.*

DENNY, J. The duty and power to regulate the intrastate transportation of passengers by motor carrier for compensation over the public highways of this State is vested in the North Carolina Utilities Commission pursuant to the provisions of the Bus Act of 1949. And only the holder of a certificate or permit from the Utilities Commission may

legally engage in the transportation of intrastate passengers by motor vehicle over the public highways of this State for compensation, unless such party is exempt from regulation by the express terms of the above Act. G.S. 62-121.52; *Utilities Commission v. Coach Co.,* 236 N.C. 583, 73 S.E. 2d 562.

Section 3 of the Bus Act of 1949, codified as G.S. 62-121.45, vests in the North Carolina Utilities Commission authority to administer and enforce the provisions of the Act and to make and enforce reasonable and necessary rules and regulations to that end. *Utilities Commission v. Fleming,* 235 N.C. 660, 71 S.E. 2d 41.

The administrative ruling issued by the Commission on 28 April, 1952, purporting to exempt from regulation all persons engaged in the transportation of civilian employees to and from the marine bases at Cherry Point and Camp Lejeune and the military reservation at Fort Bragg, was based upon an erroneous interpretation of the law applicable to exemptions authorized under the Bus Act of 1949.

The statute, G.S. 62-121.47, which the Commission interpreted to authorize its administrative ruling referred to herein, reads in pertinent part as follows: "Nothing in this article shall be construed to include persons and vehicles engaged in one or more of the following services if not engaged at the time or other times in the transportation of other passengers by motor vehicle for compensation: (a) transportation of passengers for or under the control of the United States government, . . ."

We construe the above statutory provision to authorize the exemption only of such carriers of passengers by motor vehicle, as may have been procured by the United States government to carry passengers for it, or the transportation of passengers by motor vehicles under the control of the United States.

In view of the conclusion we have reached with respect to the administrative ruling, pursuant to which the defendant was issued a certificate of exemption from regulation by the Commission, it follows that his operation as a carrier of passengers by motor vehicle on the public highways of this State for compensation, was not authorized by the Bus Act of 1949, codified as G.S. 62-121.43 through G.S. 62-121.79.

It is provided in G.S. 62-121.72 (2): "If any motor carrier, or any other person or corporation, shall operate a motor vehicle for the transportation of passengers for compensation in violation of any provision of this article, . . . the Commission or any holder of a certificate or permit duly issued by the Commission may apply to the resident superior court judge of any judicial district where such motor carrier or other person or corporation so operates, or to any superior court judge holding court in such judicial district, for the enforcement of any provision of this article, or of any rule, regulation, requirement, order, term or condi-

tion of the Commission. Such court shall have jurisdiction to enforce obedience to this article or to any rule, order, or decision of the Commission, by writ of injunction or other process, mandatory or otherwise, restraining such carrier, person or corporation, or its officers, agents, employees and representatives from further violation of this article or of any rule, order, regulation, or decision of the Commission."

It would seem that since the plaintiff's first cause of action is bottomed on his alleged rights as the holder of a permit as a contract carrier, and the alleged illegal interference therewith by the defendant, that the provisions of the above statute authorized the institution of this action, and we so hold.

The second cause of action alleges, among other things, that plaintiff had transportation contracts with numerous persons living along his route which obligated such persons to ride on plaintiff's buses exclusively; that the defendant wrongfully, intentionally and maliciously induced and persuaded various persons, naming them, to breach their contracts with plaintiff and to ride on defendant's bus from their homes to and from Camp Lejeune, N. C.; that as a result of the acts of the defendant in inducing plaintiff's passengers to cease to ride on plaintiff's buses in violation of their contracts, the plaintiff has sustained substantial losses of revenue and profits and has been damaged as a result of the defendant's wrongful acts, in the sum of $1,000.00.

The overwhelming weight of authority in this country is to the effect that a party may be held liable in damages for inducing another to breach a contract. 84 A.L.R. 43, *et seq.,* citing *Elvington v. Shingle Co.,* 191 N.C. 515, 132 S.E. 274; *Jones v. Stanly,* 76 N.C. 355; *Haskins v. Royster,* 70 N.C. 601, 16 Am. Rep. 780. See also *Winston v. Lumber Co.,* 227 N.C. 339, 42 S.E. 2d 218, and the concurring opinion of *Barnhill, J.,* in *Bruton v. Smith,* 225 N.C. 584, 36 S.E. 2d 9.

We think the rulings of his Honor in the hearing below, from which the defendant appealed, were proper and should be upheld.

Affirmed.