EDNA VIRGINIA JOHNSON v. MYTOLENE GRAY.

(Filed 15 January, 1965.)

**1. Contracts § 31—**

An action will lie against a third person who wrongfully and maliciously prevents the making of a contract between the negotiating parties, and plaintiff need not show actual malice in order to support recovery, it being sufficient if the interference flows from a design to injure plaintiff or to gain some advantage at his expense.

**2. Same; Schools § 13—**

Charges implying incompetence of a teacher, made by a school principal to the superintendent of schools, which charges induce the authorities not to renew the teacher's contract, may not be made the basis for recovery of damages in an action against the principal in the absence of evidence that the charges were falsely made for the purpose of injuring the teacher or gaining some advantage at her expense, since the principal has the statutory duty to advise the superintendent in regard to teachers' proficiency.

APPEAL by plaintiff from *Clark, S. J.,* January 6, 1964 Civil Session, High Point Division, of GUILFORD.

Plaintiff appeals from a judgment of nonsuit entered at the conclusion of her evidence.

*Lee and Lee for plaintiff appellant.*

JOHNSON . *v*. GRAY.

*Lovelace & Hardin and D. P. Whitley, Jr., for defendant appellee.*

RODMAN, J. For a cause of action, plaintiff alleges: She taught at Fairview Street School in High Point from 1944 to 1956. Defendant, on April 22, 1956, while serving as Principal of Fairview Street School, made false accusations against plaintiff to the Superintendent of the High Point Schools for the "purpose of having plaintiff's contract with the High Point School Board terminated and for the further purpose of having said plaintiff's renewal contract denied and refused * * *." As a result of defendant's false and malicious statements, plaintiff "lost her job and has been unable after continuous and diligent effort to regain employment in High Point or its surrounding environment, and has thereby since September of 1955 lost her employment salary in the amount of $4,000.00 per year."

On a prior appeal, we held the complaint sufficient to state a cause of action for malicious interference with plaintiff's contractual relations with the High Point City Administrative Unit of the State's Public School System. See *Johnson v. Graye,* 251 N.C. 448, 111 S.E. 2d 595.

We must now examine the evidence to ascertain if it is adequate to establish the allegations of the complaint. The evidence and the inferences, which may be fairly drawn therefrom, are, in answering the question presented for decision, considered in the light most favorable to plaintiff.

A jury could, on the evidence, find these facts: Plaintiff holds a Bachelor of Science degree awarded by Winston-Salem Teacher's College. In 1939, she obtained a Teacher's Certificate. She taught in various schools in North Carolina from 1939 to 1944. She then obtained employment at Fairview Street School in High Point. She taught there until the end of her contract for the school year 1955-56. She was not employed to teach in the High Point Schools for the year 1956-57, nor has she since that time been employed by the High Point Schools. In April or May 1956, plaintiff indicated to the Superintendent of Schools her desire to continue to teach in the High Point Administrative Unit, but at some school other than the Fairview Street School. Defendant, in a report made to the Superintendent of High Point Schools in April or May 1956, charged plaintiff with sleeping on class, failing to make the most effective use of materials provided by the schools for the instruction of pupils, insubordination, and lack of ambition to improve as a teacher. Defendant's evaluation of plaintiff's efficiency as a teacher, made in her report to the Superintendent of Schools, was repeated in the office of the Superintendent, at a meeting called by him. Those

present at the meeting were the Superintendent, plaintiff and defendant. Plaintiff does not go to sleep on class; she is not insubordinate; she is ambitious; she desires to be a proficient teacher and to that end has taken educational courses in the summer. She has endeavored to make the most effective use of all materials provided for the instruction of pupils. She sought on more than one occasion to get a transfer from the Fairview Street School to some other school in the High Point City Administrative Unit, but had not met with success. She worked until the end of the school year 1955-56. She was paid in full, as provided in her contract with the High Point City Administrative Unit.

Plaintiff's testimony completely negatives the allegations of the complaint that her contract of employment was breached; it was fully performed. Her cause of action, if any she has, must rest on her allegation that she was prevented from securing a new contract with the school authorities of High Point by the wrongful and malicious acts of defendant.

Devin, J. (later C.J.), writing in *Coleman v. Whisnant*, 225 N.C. 494, 35 S.E. 2d 647, said: "We think the general rule prevails that unlawful interference with the freedom of contract is actionable, whether it consists in maliciously procuring breach of a contract, or in preventing the making of a contract when this is done, not in the legitimate exercise of the defendant's own rights, but with design to injure the plaintiff, or gaining some advantage at his expense. [Citations]. In *Kirby v. Reynolds*, 212 N.C. 271, 193 S.E. 412, Justice Clarkson quotes from 15 R.C.L. 68, as follows: 'As a general proposition any interference with free exercise of another's trade or occupation, or means of livelihood, by preventing people by force, threats or intimidation from trading with, working for, or continuing him in their employment is unlawful.' In *Kamm v. Flink*, 113 N.J.L. 582, 99 A.L.R. 1, it was said: 'Maliciously inducing a person not to enter into a contract with another, which he would otherwise have entered into, is actionable if damage results.' The word 'malicious' used in referring to malicious interference with formation of a contract does not import ill will, but refers to an interference with design of injury to plaintiff or gaining some advantage at his expense." These legal principles and the statutes relating to the operation of the public schools provide the cup to measure plaintiff's rights and defendant's responsibility.

School teachers are employed for one year, G.S. 115-142. Superintendents of both county and city schools are ex-officio secretaries to their respective boards, G.S. 115-56. Teachers in city administrative units are elected by city boards of education, G.S. 115-21. The principal of a school is its executive officer, G.S. 115-150. As the executive officer in

charge of the operation of a school, it is the duty of the principal to keep the superintendent and, through the superintendent, the board of education informed about all phases of school operations, G.S. 115-148. The reports he makes in the performance of his duties are qualifiedly privileged. Questioned as to the motive or reason for the report, plaintiff said: "I know of no reason Miss Gray might have made these charges against me if they were not true except for personal matters that may not be connected with this case. These matters had nothing to do with my school work or our relationship as principal and teacher. They were personal matters other than school."

It may be inferred from plaintiff's testimony that there was an aloofness between plaintiff and defendant, but that is not sufficient to impose liability on defendant because plaintiff did not secure the desired employment. The Superintendent makes recommendations, but the final authority for the election of teachers is, as noted, vested in the school board.

Plaintiff's evidence fails to support her allegations that the Board of Education of the High Point City Administrative Unit was maliciously and fraudulently induced to reject plaintiff's application to teach in the schools of that Unit during the year 1956-57.

The judgment of nonsuit is

Affirmed.