CAROLINA OVERALL CORPORATION v. EAST CAROLINA LINEN SUPPLY, INC.

No. 707SC99

(Filed 24 June 1970)

1. **Contracts § 31—  interference with contractual rights — cause of action**

    An action lies against one who, without legal justification, knowingly and intentionally causes or induces one party to a contract to breach that contract and cause damage to the other contracting party.

2. **Contracts § 32—  interference with contracts — elements of proof**

    To establish a cause of action for tortious interference with a contract, the plaintiff must show (1) that a contract existed between him and a third person which conferred upon plaintiff some contractual right against the third person; (2) that defendant had knowledge of plaintiff's contract with such third person; (3) that defendant intentionally induced the third person not to perform his contract with plaintiff; (4) that in so doing the defendant acted without justification; and (5) that defendant's acts caused plaintiff actual damages.

3. **Contracts § 31—  interference with contract — theory of recovery**

    The theory of the doctrine which permits recovery for the tortious interference with a contract is that the right to the performance of a contract and to reap the profits therefrom are property rights which entitle

each party to protection and to seek compensation by action in court for an injury to such contract.

**4. Contracts § 31—  interference with contract — competition as legal justification**

Competition is not legal justification for interference by a party with a contract between his competitor and a third person.

**5. Contracts § 32—  interference with contract between industrial laundry and its customers — sufficiency of complaint**

Complaint by plaintiff industrial laundry stated a cause of action against its competitor for tortious interference with the laundry's contracts, where there were allegations that the competitor induced plaintiff's employee to breach an employment contract as a route salesman with plaintiff and to enter the employment of the competitor, and that the competitor, acting through the former employee and other agents, solicited the business of fourteen of plaintiff's customers and induced them to breach their contracts with plaintiff for laundry service.

**6. Contracts § 32—  interference with contract — damages**

Damages for tortious interference with a plaintiff's contracts are limited to the actual value of the contracts interferred with and will not extend to such speculative matters as loss of patronage and good will.

APPEAL by plaintiff from *Bundy, J.,* September 1969 Session of NASH County Superior Court.

Plaintiff alleges in its complaint in substance as follows: Plaintiff and defendant are corporate competitors in the industrial laundry business. Defendant induced one Bill Lowe to breach an employment contract as a route salesman with plaintiff and to enter the employment of defendant; and defendant, acting through Bill Lowe and other agents, solicited the business of fourteen of plaintiff's customers and induced them to breach their contracts with plaintiff for laundry service. Further, the actions of defendant were without justification and constituted tortious interference with plaintiff's contracts.

On 15 September 1969 an order was entered by the presiding judge of the Nash County Superior Court sustaining a demurrer filed by defendant to plaintiff's complaint and dismissing the action. Plaintiff excepted to the order and appealed.

*Spruill, Trotter & Lane by John R. Jolly, Jr., for plaintiff appellant.*

*Battle, Winslow, Scott & Wiley by Robert M. Wiley for defendant appellee.*

GRAHAM, J.

[1]   It is well established in this jurisdiction that an action lies against one who, without legal justification, knowingly and intentionally causes or induces one party to a contract to breach that contract and cause damage to the other contracting party. *Bryant v. Barber,* 237 N.C. 480, 75 S.E. 2d 410; *Eller v. Arnold,* 230 N.C. 418, 53 S.E. 2d 266; *Winston v. Lumber Co.,* 227 N.C. 339, 42 S.E. 2d 218; *Coleman v. Whisnant,* 225 N.C. 494, 35 S.E. 2d 647; *Bruton v. Smith,* 225 N.C. 584, 36 S.E. 2d 9, concurring opinion by Barnhill, J. (later C.J.); *Elvington v. Shingle Co.,* 191 N.C. 515, 132 S.E. 274; *Jones v. Stanly,* 76 N.C. 355; *Haskins v. Royster,* 70 N.C. 601.

[2]   The elements necessary to establish a cause of action for tortious interference with a contract are summarized in *Childress v. Abeles,* 240 N.C. 667, 84 S.E. 2d 176. The plaintiff must show: (1) that a contract existed between him and a third person which conferred upon plaintiff some contractual right against the third person; (2) that defendant had knowledge of plaintiff's contract with such third person; (3) that defendant intentionally induced the third person not to perform his contract with plaintiff; (4) that in so doing the defendant acted without justification; and (5) that defendant's acts caused plaintiff actual damages.

Defendant concedes the general principles but argues that competition is legal justification for interference by a party with a contract between his competitor and a third person. Defendant relies upon certain dicta in the case of *Childress v. Abeles, supra,* from which inference may indeed be drawn that such a rule prevails in North Carolina. However, more nearly in point is the case of *Bryant v. Barber, supra.* There the complaint alleged, for a second cause of action, that plaintiff had contracts with numerous persons living along his bus route which obligated such persons to ride to and from their employment at Camp Lejeune on plaintiff's buses exclusively; that defendant wrongfully induced various of the passengers to breach their contract with plaintiff and to ride on defendant's buses, and that plaintiff suffered substantial damage as the result. The Supreme Court affirmed an order overruling a demurrer to the complaint, although the parties were clearly business competitors. Compare cases where the interference is with unregistered contracts for the sale of real estate. *Bruton v. Smith, supra; Holder v. Bank,* 208 N.C. 38, 178 S.E. 861; *Elvington v. Shingle Co., supra.*

The following general rule is set forth in the Restatement of the Law of Torts, § 768:

"(1)   One is privileged purposely to cause a third person not to enter into or continue a business relation with a competitor of the actor if

  (a)   the relation concerns a matter involved in the competition between the actor and the competitor, and

  (b)   the actor does not employ improper means, and

  (c)   the actor does not intend thereby to create or continue an illegal restraint of competition, and

  (d)   the actor's purpose is at least in part to advance his interest in his competition with the other.

(2)   *The fact that one is a competitor of another for the business of a third person does not create a privilege to cause the third person to commit a breach of contract with the other even under the conditions stated in Subsection (1)."* (Emphasis added).

**[3, 4]**   The theory of the doctrine which permits recovery for the tortious interference with a contract is that the right to the performance of a contract and to reap the profits therefrom are property rights which entitle each party to protection and to seek compensation by action in court for an injury to such contract. *Bruton v. Smith, supra,* concurring opinion of Barnhill, J. (later C.J.) ; Annot., 84 A.L.R. 43, *et seq.* (1933) ; Annot., 26 A.L.R. 2d 1227, *et seq.* (1952). We see no valid reason for holding that a competitor is privileged to interfere wrongfully with contractual rights. If contracts otherwise binding are not secure from wrongful interference by competitors, they offer little certainty in business relations, and it is security from competition that often gives them value. It is true that a party to a contract which is breached by another has a cause of action for breach of contract. This, however, affords little remedy where the party breaching the contract is insolvent; or where, as alleged here, numerous contracts involving nominal amounts of money are breached as a result of wrongful inducement by a competitor.

**[5, 6]**   In our opinion the complaint states a cause of action for compensatory damages for tortious interference with plaintiff's contracts and the demurrer should have been overruled. If plaintiff is entitled to recover at all, its recovery will be for the actual value of the contracts interferred with, and will not extend to such speculative matters alleged in the complaint as loss of patronage and good

will. See 45 Am. Jur. 2d, Interference, § 57; Restatement of the Law of Torts, § 768.

Reversed.

MALLARD, C.J., and MORRIS, J., concur.