E. T. MOYE, T/A NATIONWIDE PRESS AND NATIONAL CONSUMERS
    RESEARCH CORPORATION, A NORTH CAROLINA CORPORATION v.
    BOBBY EURE

No. 7410DC220

(Filed 17 April 1974)

1. Contracts § 31— inducing breach of employment contract — inducing
    refusal to renew or enter contract

   The fact that plaintiffs and defendants are business competitors
   does not give defendant any privilege to induce an employee to breach
   his contract with plaintiff, but a competitor of plaintiff does have the
   privilege to induce an employee not to enter or renew a contract with
   plaintiff.

2. Contracts § 31— right of former employee to compete

   In absence of a valid contract not to compete, an employee whose
   contract has expired or who is working without a contract is free to
   work for whomever he chooses.

3. Contracts § 32— interference with contracts — preliminary injunction —
    failure of proof

   A preliminary injunction prohibiting defendant, a former em-
   ployee of plaintiff, from contacting independent sales contractors
   allegedly employed by plaintiff for the purpose of persuading them
   to associate themselves with defendant in a business in competition
   with plaintiff cannot be sustained on the theory of interference with
   contract where there was no competent evidence at the hearing
   of any existing contracts with which defendant could interfere, plain-
   tiff's allegation in the complaint that named people were under con-
   tract with plaintiff being an expression of opinion on a question of
   law which is not admissible in evidence.

4. Master and Servant § 11— preliminary injunction — trade secrets —
    names of plaintiff's employees

   A preliminary injunction prohibiting defendant, a former employee
   of plaintiff, from contacting independent sales contractors allegedly
   employed by plaintiff for the purpose of persuading them to associate
   themselves with defendant in a business in competition with plaintiff
   cannot be sustained on the theory of violation of confidence in the
   misuse of a trade secret since the names of plaintiff's employees are
   not the type of trade secret which would be protected from exposure
   by injunction.

APPEAL by defendant from Barnette, Judge, 29 October
1973 Session of District Court held in WAKE County.

This is an action seeking a permanent injunction against
defendant to prohibit him from contacting employees of the
plaintiffs for the purpose of persuading them to leave plaintiffs

and associate themselves with the defendant in a business in competition with the business of plaintiffs.

Defendant was formerly employed by the plaintiff E. T. Moye who operated a business in Wake County known as Nationwide Press. The other plaintiff is National Consumers Research Corporation (hereinafter referred to as Consumers) of which Moye is controlling stockholder. Both plaintiffs engage in sales advertising which involves a relationship with independent sales contractors.

In their complaint plaintiffs alleged that defendant had left his employment with E. T. Moye on 1 October 1973; that he had stated his intention to form a new business that would be competitive with Consumers; and that he had threatened to induce independent sales contractors to work for him instead of Consumers. The complaint further alleged that defendant had learned the names of these independent sales contractors which Consumers kept confidential and that these names constituted a trade secret. Plaintiffs attached to their complaint a list of independent sales contractors and sought an injunction to prevent defendant from contacting any of these contractors and encouraging them to work for him.

The trial court granted a preliminary injunction which prohibited the defendant or any person acting under his direction from contacting the individual contractors named in the exhibit attached to the complaint for the purpose of persuading them to associate themselves with defendant in a business similar to or in competition with that of plaintiffs. Defendant appealed to this Court.

*L. Philip Covington for plaintiff appellees.*

*Vaughan S. Winborne for defendant appellant.*

BALEY, Judge.

The trial court based the preliminary injunction issued in this case upon the verified complaint filed by the plaintiffs. The defendant maintains that the facts alleged in the complaint even if assumed to be true were insufficient to support a preliminary injunction. We agree and direct that the preliminary injunction be vacated.

The action of the plaintiffs is based on the premise that they are entitled to protection from the defendant who seeks to induce

Moye v. Eure

third parties, whether employees or independent contractors, to breach their contract with plaintiffs and enter into contracts with him. North Carolina recognizes liability for unlawful interference with contract. "[A]n action lies against one who, without legal justification, knowingly and intentionally causes or induces one party to a contract to breach that contract and cause damage to the other contracting party." *Overall Corp. v. Linen Supply, Inc.,* 8 N.C. App. 528, 530, 174 S.E. 2d 659, 660; *accord, Johnson v. Gray,* 263 N.C. 507, 139 S.E. 2d 551; *Childress v. Abeles,* 240 N.C. 667, 84 S.E. 2d 176; *Bryant v. Barber,* 237 N.C. 480, 75 S.E. 2d 410. In addition, when one induces a third person not to enter into a contract which he would otherwise have entered, the interferring party may under certain circumstances be held liable for interference with contract. *Johnson v. Gray, supra.*

[1, 2]    The fact that plaintiffs and defendant are business competitors does not give defendant any privilege to induce an employee to *breach* his contract with plaintiff. *Overall Corp. v. Linen Supply, Inc., supra;* Restatement of Torts, § 768; Prosser, Torts 3d, § 123, at 970. But a competitor of plaintiff does have the privilege to induce an employee not to *renew* a contract with plaintiff after it has terminated, or not to *enter into* a contract with plaintiff in the first place. *Overall Corp. v. Linen Supply, Inc., supra;* Restatement of Torts, § 768; Prosser, Torts 3d, § 124, at 979. This privilege is necessary for the protection of employees. In the absence of a valid contract not to compete, an employee whose contract has expired (or an employee working without a contract) is free to work for whomever he chooses. *See Kadis v. Britt,* 224 N.C. 154, 29 S.E. 2d 543; *Comfort Spring Corp. v. Burroughs,* 217 N.C. 658, 9 S.E. 2d 473. He may work for his previous employer, for a competitor, or for another employer in a different line of business, as he chooses. If an employee has established a reputation for doing good work, so that several employers desire to employ him, he is entitled to reap the benefits of that reputation, by having the various employers compete for his services. Even if the employee has tentatively made up his mind to work for a particular employer, a competitor has the right to come up with a better offer and induce him to change his mind. If the courts were to restrict an employer's right to compete for employees, it would be the employees who would suffer.

[3]    As a competitor of Consumers, defendant had the right to persuade Consumers' employees to work for him, so long as he

did not induce them to breach any existing contracts. But in the present case, there is no competent evidence that any contracts existed between Consumers and its sales personnel. The complaint, which is all the evidence, does not discuss the terms or extent or nature of any employment contracts or the circumstances under which they were made. The bare allegation in the complaint that named people were "under contract with National Consumers Research" does not constitute competent evidence; it is merely a statement of a legal conclusion which plaintiffs are attempting to establish. Expressions of opinion on a question of law are not admissible in evidence. The statement that "the following people were under contract with National Consumers Research" is no more factual or specific than the statement that "the speed limit at the time and place of the accident was thirty-five miles per hour," which was held inadmissible in *Hensley v. Wallen,* 257 N.C. 675, 127 S.E. 2d 277; or the statement that defendant "had been in the open, notorious and adverse possession of the land in dispute," held inadmissible in *Memory v. Wells,* 242 N.C. 277, 87 S.E. 2d 497; or that a deed "was never delivered," held inadmissible in *Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316. *See* 1 Stansbury, N. C. Evidence (Brandis rev.), § 130.

[4] Plaintiffs also contend that in contacting their employees or independent sales personnel defendant would be violating a trade secret or using improperly confidential information which he acquired while working for plaintiff Moye. The alleged confidential information was a list of the sales personnel which was attached to the complaint and is now a part of the public record and accessible to any interested citizen. The injunction would prevent defendant from using information which is freely available to the public generally. Without regard to the public disclosure, however, the list of employees of plaintiffs would not be considered as the type of trade secret which would be protected from exposure by injunction.

The preliminary injunction cannot be sustained on the theory of interference with contract as there was no competent evidence submitted at the hearing of any existing contracts with which defendant could interfere. It cannot be supported as a violation of confidence in the misuse of an alleged trade secret.

The trial court erred in granting a preliminary injunction, and its decision is reversed and the injunction vacated.

Reversed.

Judges CAMPBELL and HEDRICK concur.