GERALD L. HASTY v. ROBERT H. BELLAMY, INDIVIDUALLY, THOMAS H. BATCHELOR, INDIVIDUALLY, AND FRED A. PARKER, BOBBY H. GRIFFIN, SANDY DESKINS, JANE THOMAS, ROBERT J. SMITH, G. DICK PIERCE, FRANKLIN ELLIOTT, AS MEMBERS OF THE MONROE CITY BOARD OF EDUCATION AND THE MONROE CITY BOARD OF EDUCATION, A PUBLIC BODY

No. 7920SC8

(Filed 20 November 1979)

1. **Schools § 13.2— failure to renew teacher's contract—no action for damages against superintendent and principal**

    Plaintiff stated no claim for relief against a school superintendent and a school principal in an action to recover damages arising from the failure to renew plaintiff's contract as a teacher since the power to hire teachers rests in the school board. G.S. 115-21.

2. **Schools § 13.1— failure to rehire teacher—recommendation of superintendent and principal—action not arbitrary or capricious**

    A school board's failure to renew the contract of a probationary teacher based on the recommendation of the superintendent and the principal would not make the board's action arbitrary, capricious or for personal reasons in violation of G.S. 115-142(m)(2).

3. **Schools § 13.1— failure to rehire teacher—refusal to sign letter of conditional employment—arbitrary and capricious action**

    A school board could be found by the trier of fact to have acted arbitrarily and capriciously in violation of G.S. 115-142(m)(2) in failing to rehire plaintiff, a probationary teacher who would have become a career teacher upon the renewal of his contract, solely because plaintiff refused to sign a letter of conditional employment which would have had no practical effect because a provision subjecting plaintiff to dismissal for inadequate performance added nothing to the ground for dismissal provided by G.S. 115-142(e)(1)a, and any provisions of the letter contravening G.S. 115-142 would be void.

APPEAL by plaintiff from *Herring, Judge.* Order entered 17 August 1978 in Superior Court, UNION County. Heard in the Court of Appeals 19 September 1979.

Plaintiff alleges that during the school years 1975-76 through 1977-78, he was employed by the Monroe City Board of Education as a teacher and head football coach. Defendant Bellamy was principal of Monroe High School and defendant Batchelor was Superintendent of Schools. Plaintiff alleges that he discovered that Bellamy was charging personal items to the high school, and that in the fall of 1977 Bellamy made the statement that he would " 'get rid of Hasty.' " Bellamy allegedly placed criticisms of the

plaintiff in plaintiff's personnel file at that time, but later withdrew certain of the allegations.

In April 1978 Bellamy allegedly recommended that plaintiff be rehired for his fourth year with the Monroe schools, on the condition that he sign the following statement:

> I have read and fully understand the deficiencies noted in this evaluation and the preliminary evaluation of November 2, 1977, (indicating the same deficiencies).

> I have reviewed the deficiencies and been allowed to comment on those with which I disagree both orally and in writing. I understand that even though I may disagree with the evaluation as to the deficiencies noted, the areas of concern set forth are reasonable and related to my position and are reasonable and proper expectations of performance.

> I am fully aware that failure to substantially improve my performance in regard to the deficiencies noted in the evaluation will result in:

> 1. Immediate dismissal if progress is not noted within a reasonable time, or

> 2. Termination at the end of the school year.

> I understand that Administrative Staff of Monroe City Board of Education shall continue its evaluation and observation of my progress, especially in those areas noted to be deficient. Such observations and/or evaluations may be formal or informal, at such times and in such quantity as the administration shall deem reasonable and sufficient to determine progress in the areas of deficiency.

> I have just been told and understand that my conditional employment will extend not just for the school year 1978-1979 but thereafter for such reasonable period of time as insures that the correction of deficiencies has become permanent and not purely temporary corrections during the first years following my conditional employment. The Administration will recommend to the Board the removal of conditional employment status when my performance merits such.

> Throughout the discussions between Mr. Bellamy and me, and further by copy of this report, I am informed that

nothing herein is deemed a waiver of any rights accruing to either the Monroe City Board of Education or to myself and all such rights as well as all responsibilities are preserved and continued.

The above received duly noted and the conditions are accepted. The _____ day of _____, 1978.

This plaintiff refused to do. Bellamy and Batchelor recommended that plaintiff not be rehired, and the Board of Education voted not to renew plaintiff's contract. Plaintiff alleges that the termination of his employment violated G.S. 115-142, and he seeks reinstatement, back pay, and damages.

Defendants moved to dismiss for failure of the complaint to state a claim upon which relief could be granted. Their motions were granted, and plaintiff appeals.

*Joe P. McCollum, Jr., for plaintiff appellant.*

*Robert L. Huffman for defendant appellee Robert H. Bellamy.*

*Dawkins, Glass and Lee, by Koy E. Dawkins, for defendant appellees Thomas H. Batchelor, Fred A. Parker, Bobby H. Griffin, Sandy Deskins, Jane Thomas, Robert J. Smith, G. Dick Pierce and Franklin Elliott as members of the Monroe City Board of Education, and the Monroe City Board of Education.*

ARNOLD, Judge.

Plaintiff had taught in the Monroe schools for three years at the time the board of education voted not to renew his contract. Thus, he was a probationary teacher, see G.S. 115-142(a)(6) and (c)(2), and his rights are set out in G.S. 115-142(m). G.S. 115-142(m)(2) provides that "[t]he board, upon recommendation of the superintendent, may refuse to renew the contract of any probationary teacher . . . for any cause it deems sufficient; provided, however, that the cause may not be arbitrary, capricious, discriminatory or for personal or political reasons." Plaintiff alleges that the defendants' action in terminating his employment was "arbitrary, capricious and for personal reasons."

[1] Since the power to hire teachers rests in the school board, G.S. 115-21; *Johnson v. Gray*, 263 N.C. 507, 139 S.E. 2d 551 (1965),

and not in the principal or superintendent, plaintiff has failed to make out a cause of action against the individual defendants, and their motions to dismiss were properly granted. The sole remaining issue is whether the action of defendant board of education could have violated G.S. 115-142(m)(2).

[2] From plaintiff's complaint, two possibilities appear: (1) the board failed to renew plaintiff's contract because he refused to sign the letter of condition, or (2) the board failed to renew plaintiff's contract because the principal and superintendent recommended that he not be rehired. If the latter were proved to be the case, no violation of G.S. 115-142(m)(2) would be established, since the superintendent is entitled to make such recommendations, see G.S. 115-21; G.S. 115-142(m)(2); *Taylor v. Crisp*, 286 N.C. 488, 212 S.E. 2d 381 (1975), and we do not find that the failure to renew plaintiff's contract based on the principal's recommendation would make the board's action arbitrary, capricious, or for personal reasons, in violation of the statute. If the plaintiff were able to prove (1) above, however, we would reach a different result.

[3] If plaintiff's contract had been renewed, he would have become a career teacher. G.S. 115-142(c)(2). Then, his employment could have been terminated only for certain specified reasons, see G.S. 115-142(e)(1), and such a dismissal could have taken place only upon the superintendent's recommendation, notice, and the opportunity for a hearing. G.S. 115-142(h). Although some language in the letter of condition indicated that by signing it plaintiff was waiving some of these rights, the letter also stated expressly that "nothing herein is deemed a waiver of any rights accruing to either the Monroe City Board of Education or to myself." Any provisions of the letter which contravened G.S. 115-142 would have been void, and the remaining provisions, stating in essence that plaintiff was subject to dismissal for inadequate performance, added nothing to the ground for dismissal provided for by G.S. 115-142(e)(1)a. Plaintiff's agreeing to sign the letter, therefore, would have had no practical effect.

The real question before us, then, is, "If plaintiff could prove at trial that the board failed to rehire him solely because he refused to sign a letter which would have had no effect had he signed it, could the trier of fact find that the board's action was

arbitrary and capricious and therefore in violation of G.S. 115-142 (m)(2)?" We believe that the answer is Yes. Although the first clause of G.S. 115-142(m)(2) indicates that the board may refuse to rehire a probationary teacher "for any cause it deems sufficient," the second clause makes clear that some causes are unacceptably arbitrary and capricious. We believe that a failure to rehire based solely on a teacher's refusal to sign a document which to a layman might easily appear damaging and which in fact has no practical effect may be such a cause. Plaintiff has stated a claim against the board sufficient to withstand a motion to dismiss, and he is entitled to pursue his claim.

Affirmed in part and reversed in part.

Judges WEBB and WELLS concur.