EVA J. WILLIAMS v. JAMES E. SAPP, JR. AND WIFE, RUTH VAN CISE SAPP; AND GLENN W. BROWN, TRUSTEE; AND HAYWOOD SAVINGS AND LOAN ASSOCIATION

No. 8630DC354

(Filed 21 October 1986)

**1. Rules of Civil Procedure § 15.2— amendment of complaint proper**

The trial court did not abuse its discretion in allowing plaintiff's motion to amend her complaint to allege that she was entitled to an easement by implication. N.C.G.S. § 1A-1, Rule 15(b).

**2. Evidence § 47— lawyer's expert opinion—admission error**

    The trial court erred in allowing an expert witness, an attorney, to give his opinion that, as a matter of law, plaintiff was entitled to an easement by implication. N.C.G.S. § 8C-1, Rule 704.

**3. Easements § 6.1— easement by prescription—directed verdict for defendants improper**

    The trial court erred in granting defendants' motion for directed verdict on the issue of easement by prescription where plaintiff's evidence tended to show that the road across defendants' land was the only means of access to plaintiff's land and had been openly and continuously used by plaintiff, her predecessors in title, and the public for a period of over twenty years; no permission to use the road was asked or given; plaintiff's predecessor in title and plaintiff's son-in-law did some repair work on the road; plaintiff considered her use of the road a right, not a privilege, although there was no evidence that she thought she owned the road; and there was sufficient evidence for a jury to find that there was substantial identity of the easement claimed for a twenty-year period.

APPEAL by defendants from *Snow, Judge*. Judgment entered 14 November 1985 in District Court, JACKSON County. Heard in the Court of Appeals 17 September 1986.

This is a civil action wherein plaintiff filed a complaint seeking a decree pursuant to G.S. 41-10, quieting plaintiff's title to a certain tract of land and determining that plaintiff has an unrestricted easement in fee appurtenant from State Road 1749 to plaintiff's tract. Evidence was presented at trial tending to show the following: Plaintiff and defendants Sapp own adjoining tracts of land which formerly were owned by T. J. Powell. Defendants' tract lies between plaintiff's tract and State Road 1749, which connects to North Carolina Highway 281. The only means of access from plaintiff's tract to State Road 1749 is a road which crosses defendants' tract. At the end of plaintiff's evidence, the trial court granted defendants' motion for directed verdict on the issues of lappages and easement by prescription. At the close of all of the evidence, the trial court allowed plaintiff's motion to amend her complaint to conform to the evidence, to add to the prayer for relief that plaintiff seeks a declaration that she is the owner in fee of an easement by implication over the lands of defendants.

The jury found that plaintiff is the owner of an easement by implication over the land of defendants and described the width

and location of the easement in the verdict. From a judgment entered on the verdict, defendants appealed.

*Coward, Cabler, Sossomon & Hicks, P.A., by J. K. Coward, Jr., for plaintiff, appellee, cross-appellant.*

*W. Paul Holt, Jr., for defendants, appellants, cross-appellees.*

HEDRICK, Chief Judge.

[1] Defendants contend that the trial court erred in allowing plaintiff's motion to amend her complaint to allege that she was entitled to an easement by implication and in denying their motions for directed verdict and to dismiss on the issue of easement by implication. Defendants argue that they were prejudiced by the amendment because it was made late in the trial. Plaintiff made the motion to amend her complaint pursuant to G.S. 1A-1, Rule 15(b). The trial judge has broad discretion in ruling on such motions. *Auman v. Easter*, 36 N.C. App. 551, 244 S.E. 2d 728, *disc. rev. denied*, 295 N.C. 548, 248 S.E. 2d 725 (1978). The trial court has authority under this rule to permit an amendment to the pleadings at any time when there is no material prejudice to the opposing party and such amendment will serve to present the action on its merits. *Clark v. Barber*, 20 N.C. App. 603, 202 S.E. 2d 347 (1974). In *Reid v. Bus Lines*, 16 N.C. App. 186, 191 S.E. 2d 247 (1972), this Court held that the trial court did not err in allowing an amendment to conform to the evidence made after all the evidence had been introduced and the parties had argued the case to the jury. In the present case, defendants have failed to demonstrate that they were prejudiced by the amendment to the complaint. We hold, therefore, that the trial court did not abuse its discretion in allowing the amendment.

[2] Defendants also contend that the trial court erred in allowing an expert witness, an attorney, to give his opinion that, as a matter of law, plaintiff was entitled to an easement by implication. We agree with this contention.

Expressions of opinion on a question of law are not admissible into evidence. *Moye v. Eure*, 21 N.C. App. 261, 204 S.E. 2d 221, *cert. denied*, 285 N.C. 590, 205 S.E. 2d 723 (1974). This rule remains unchanged under the new rules of evidence. *State v. Ledford*, 315 N.C. 599, 340 S.E. 2d 309 (1986); *State v. Smith*, 315 N.C.

76, 337 S.E. 2d 833 (1985). G.S. 8C-1, Rule 704, provides that "[t]estimony in the form of an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The commentary to this rule quotes the Advisory Committee Note as follows:

> The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for an exclusion of evidence which wastes time. These provisions afford ample assurance against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria. Thus the question, "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed.

(Citations omitted.)

In the present case, an attorney testifying as an expert witness for plaintiff was allowed to respond to the following hypothetical question, over the objection of defendants:

> If the jury should find by the greater weight of the evidence that prior to 1938 Tomps Powell and his wife owned all of the land of the Plaintiff and the Defendant, as you have already testified, and in 1938 that Tomps Powell executed a deed to Mr. James Staflebach and his wife for some of the lands owned by Powell, and that later the Plaintiff became the owner of those lands and the Defendant now owns the lands that Powell retained in 1938, and if the jury should further find that . . . there was a road on the land and that the road was used for the purpose of access to a public road, and that the use of that road was so long continued and obvious as to show that it was meant to be permanent, and that the road was the only reasonable means of access to the property, and that the easement is now necessary to the beneficial enjoyment of the Plaintiff's property, do you have an opinion satisfactory to yourself as to whether an easement by im-

plication arose across that portion of the road which crosses the lands owned by the Defendant?

The witness responded that he had an opinion and that in his opinion an easement by implication arose under these circumstances. This opinion merely tells the jury the result that they should reach and, therefore, is not helpful to their determination of a fact in issue, as required by G.S. 8C-1, Rules 701 and 702. *See,* Commentary, G.S. 8C-1, Rule 704. The attorney's testimony regarding his opinion amounts to instructions to the jury on easements by implication. This testimony does not invade the province of the jury, which plaintiff argues is permissible, but invades the province of the court and should not have been admitted. *See, Board of Transportation v. Bryant,* 59 N.C. App. 256, 296 S.E. 2d 814 (1982). This error was clearly prejudicial to defendants, because the jury was required to answer the same question asked of plaintiff's expert witness. We hold, therefore, that defendants are entitled to a new trial on the issue of easement by implication.

[3]   By her cross-assignment of error, plaintiff contends that the trial court erred in granting defendants' motion for directed verdict on the issue of easement by prescription. We agree.

In order to prevail in an action to establish an easement by prescription, the party claiming the easement must prove the following elements by the greater weight of the evidence: (1) that the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is substantial identity of the easement claimed throughout the twenty-year period. *Potts v. Burnette,* 301 N.C. 663, 273 S.E. 2d 285 (1981). In *Potts,* the plaintiffs had never asked for or been given permission to use a road across the defendants' land. There was no evidence that the plaintiffs in that case thought they owned the road, but there was evidence that the plaintiffs considered their use of the road to be a right and not a privilege. The Supreme Court held that this evidence was "sufficient to rebut the presumption of permissive use and to allow, but not compel, a jury to conclude that the road was used under such circumstances

as to give defendants notice that the use was adverse, hostile, and under claim of right."

The evidence in the present case tends to show the following: The road across defendants' land is the only means of access to plaintiff's land and has been openly and continuously used by plaintiff, her predecessors in title and the public for a period of over twenty years. No permission to use the road has been asked or given. Plaintiff's predecessor in title, James Staflebach, and plaintiff's son-in-law did some repair work on the road. The evidence in the present case tends to show that plaintiff, like the plaintiffs in *Potts*, considered her use of the road a right, not a privilege, although there is no evidence that she thought she owned the road. Under the decision in the *Potts* case, this evidence is sufficient to allow the jury to find that the use was adverse, hostile or under a claim of right, and that the use was open and notorious, and had been uninterrupted for at least twenty years. There is also sufficient evidence for a jury to find that there is substantial identity of the easement claimed for a twenty-year period. We hold, therefore, that the trial court erred in granting defendants' motion for a directed verdict on the issues of prescriptive easement.

For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for a new trial. Since we hold that defendants are entitled to a new trial, it is unnecessary for us to address their remaining assignments of error.

New trial.

Judges ARNOLD and ORR concur.